## L. G. KING v. THE STATE.

*No. 308. Decided October 20.*

1. **Local Option Election—Time of Holding.**—Where, on the 16th day of November, a local option election was ordered by the Commissioners Court to be held on the 17th day of the following December, and it was so held, said election was void, because more than thirty days elapsed from the date of the order to the date of the election.

2. **Same—Computation of Time.**—In computing the time between the order for, and the date of, an election for local option, the day of the entry of the order should not be counted, while the day of the election should be. Following Winston v. The State, 32 Texas Crim. Rep., 59.

APPEAL from the County Court of Bosque. Tried below before Hon. W. B. THOMPSON, County Judge.

Appellant was convicted for a violation of local option, in Justice Precinct No. 2 of Bosque County, his punishment being assessed at a fine of $25 and imprisonment for twenty days in the county jail.

The order for the election was made by the Commissioners Court and entered upon the minutes on the 16th day of November, 1892, and the date for said election, as therein fixed, was the 17th day of December, 1892, and the election was held on this latter day.

The court charged the jury as follows: "You are instructed, that the law provides that the election for local option shall be ordered by the Commissioners Court to be held upon a day not less than fifteen and not more than thirty days from the date of the order (that is, the order of election made by said court.) As to this matter you are instructed, that the evidence is uncontroverted that the order for said election was made on the 16th day of November, 1892, and that said election was ordered to be held, and was held, on the 17th day of December, 1892. You are further instructed, that it has been held by the higher court (and it is here given you in charge) 'that in the computation of time the day from which the reckoning begins, as well as that on which it ends, may be included or excluded as will best pre-

serve a right or exclude a forfeiture.' Under this rule, in computing the time you should exclude the 16th day of November, 1892, the day on which said election was ordered, and also the 17th day of December, 1892, the day on which said election was held; and having excluded the two days, should you then believe from the evidence that said election was held on a day which was not more than thirty days from the date of said order, you should find as to this matter that said election was legal and valid; and in this event, the fact that said election was held on the said 17th day of December, having been ordered on the said 16th day of November, would be no excuse or justification in law for the defendant; but, having excluded the said two days, should you believe from the evidence that the said election was held on a day which was more than thirty days from the date of said order, then in this event the said election would not be legal, and you should acquit the defendant.''

The charge as given was excepted to, and counter special instructions asked by defendant, which were refused.

*Wm. Knight*, for appellant.—The charge was erroneous. Boon v. The State, 10 Texas Crim. App., 418; Curry v. The State, 28 Texas Crim. App., 475.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction herein was for a violation of the local option law in Precinct No. 2 of Bosque County. On the 16th day of November, 1892, the Commissioners Court ordered the election to be held on the 17th day of the following December. The election was held in accordance with said order. The contention below was, that inasmuch as the order fixed the day for such election at more than thirty days from the date of the order, it was void. It was also contended that, having been held upon the specified day, it was void. We are asked to revise these questions.

The statute requires the election in such case to be held on some day not less than fifteen and not more than thirty days from the date of making the order therefor. To hold this election valid, the day upon which the order was made, as well as the day upon which the election was held, must both be excluded from the computation. This should not be done, in this state of case. The day of the entry of the order should be eliminated, but not that upon which the election occurred. Winston v. The State, 32 Texas Crim. Rep., 59. The statute must control, and the courts must enforce its commands. The Commissioners Court can not order the election to occur at any time less than fifteen or more than thirty days from the date of the order.

We deem it unnecessary to discuss the remaining questions presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.