## EX PARTE WILL SPEAGLE.

*No. 721.   Decided May 15.*

1. **Local Option Election—Description by Metes and Bounds.**—Where a local option election is for a justice precinct, or a town or city, in the order for election and the notices it is only necessary to name the justice precinct, town or city, to be affected; but where the election is to embrace less than the whole of the justice precinct, or one justice precinct and part of another, or parts of two or more precincts, *Held,* that the metes and bounds should be set out and made matter of record in the order for election and in the notices.

2. **Same—When Description by Metes and Bounds Covers a Justice Precinct Precisely.**—Where the application and the order for a local option election described the locus in quo by metes and bounds, which had not been recorded in full in the minutes of the Commissioners Court, nor were they embraced in the notices for the election, and all the subsequent proceedings were had with reference to an election to be held in a specific justice precinct, not giving the metes and bounds of the latter, *Held,* that it being made to appear that said justice precinct, as to its metes and bounds, was in fact identically the same territory embraced in the metes and bounds as originally set out in the application and order, the election was valid.

3. **Same—Recording Metes and Bounds—Notices.**—Where the metes and bounds set out in the application for a local option election are identical with the boundaries of a justice precinct, it is not necessary, to the validity of such local option election, for the territory embraced in said district, that the metes and bounds should be recorded in the order of the Commissioners Court, nor that they should be embodied in the notices given for the election. Distinguishing Ex Parte Smith, ante, p. 284.

4. **Same—Fact Case.**—See facts stated in the opinion, which are held by the court to establish an identity of territory between a justice precinct and the metes and bounds set forth in an application for a local option election.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appellant was arrested upon a capias by the sheriff, to answer an information charging him with a violation of the local option law in Justice Precinct No. 6 of Hunt County. He applied to the county judge for a writ of habeas corpus, that the legality of his arrest and restraint of liberty might be inquired into, and he be discharged from custody. The writ was granted, and at the hearing of the same he was remanded to custody, and from that order and judgment he prosecutes this appeal.

*J. G. Mathews*, for relator.—The court erred in not discharging the petitioner, and in remanding him to the custody of the sheriff of Hunt County, because the election adopting local option in precinct number 6, Hunt County, Texas, was void for the following reasons, to wit:

1. The election was asked for a subdivision of Hunt County by petition, and the petition did describe said subdivision by metes and bounds, but the said petition and description contained in the petition for the election were not recorded in full in the minutes of the Commissioners Court.

2. The description of the subdivision contained in the petition for the election was not embraced in the notices for such election.

3. The justice precinct or subdivision of the county, in which it was sought to put the local option law in force, embraces in its limits an incorporated city, to wit, the city of Commerce, and said election could not be ordered except by compliance with the requirements of the petition.

4. The Commissioners Court, in ordering the election, could not dispense with the law requiring the petition for subdivision to be recorded in full in the minutes of the Commissioners Court, and the notices to embrace the description contained in the petition for subdivision, by showing that the territory contained in the petition constituted Justice Precinct No. 6, as shown by bill of exceptions number 1.

5. The order of the Commissioners Court, legally defining and designating the boundaries of precinct number 6, Hunt County, Texas, does not show with clearness and certainty said precinct number 6 to embrace the same territory as that contained in the petition.

6. The order of the Commissioners Court defining and designating the boundaries of precinct number 6, and the other record testimony, shows that precinct number 6, Hunt County, Texas, does not embrace the same territory as that contained in the petition. Acts 1893, p. 48, sec. 1; Ex Parte Smith, *ante*, p. 284.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant, who was relator below, appeals from the order of the county judge from a proceeding on habeas corpus, remanding him to the custody of the sheriff of Hunt County, for the alleged violation of the local option law in precinct number 6 of Hunt County. The case brings in review the validity of a local option election in Hunt County. It appears that, in ordering the election for the local·option, the Commissioners Court described the locus in quo to be affected by metes and bounds. These metes and bounds are not recorded in full in the minutes of the Commissioners Court, nor was such description embraced in the notice given for such·election; but the order and subsequent proceedings were treated as·an election for Justice Precinct No. 6 of Hunt County.

· The first question presented is whether metes and bounds of a justice precinct had to be recorded in full in the minutes of the Commissioners Court, and embodied in the notice given for such election. This exact question was not before this court in Ex Parte Smith, ante, p.·284, from the same precinct in Hunt County, and was not in terms decided. We now hold, that where the election is for an entire county, or for any justice precinct in the county in its entirety, or for any town or city therein, it is not necessary to set forth the metes and bounds thereof, either in the minutes of the Commissioners Court or in the notice to be given for the election; and only where it is some subdivision of the county, distinct and different from a justice precinct or a town or city, is such description necessary. These latter, it is true, are in a sense subdivisions of a county; but they are already designated, and their boundaries matters of record and are known, and it is sufficient merely to name the justice precinct or the town or city to be affected. If the locality in which the local option election is ordered embraces less than the whole of the justice precinct, or one justice precinct and a part of another, or part of two or more precincts, such metes and bounds should be set out and made matter of record in the order for election and in the notices. · As stated, it appears that the application for the local option election in this case set forth the metes and bounds to be affected by descriptive averments, but all of the subsequent proceedings were as for an election in Justice Precinct No. 6 in Hunt County, and the question now presents itself, if it is ascertained that Justice Precinct No. 6, as to ·its metes and bounds, is identical with the metes and bounds as originally set out in the application, should the election be sustained as valid? In our opinion, it should. Upon this point, as to the evidence, there is some controversy.

Appellant contends, that in a survey of the metes and bounds, as set forth in the application for a local option election, a small portion of land, to wit, 160 acres, is not included within the metes and bounds of precinct number 6. There is evidence upon this point pro and con, the court below holding that all of the territory embraced in the field notes set out in the original application is within the bounds of said justice precinct. It is admitted that the field notes of both are the

same until the survey reaches a point on Middle Sulphur, which calls for a point due north of the old Harris survey, and the question of fact here turns upon where the old Harris survey is located. On the map of Hunt County, which is before us, we find that there is a survey of eighty acres patented to Harris. Just west of that is a survey of 160 acres patented to O. M. Harper. This latter, with territory immediately adjoining north and south is the territory alleged not to be embraced in the justice precinct. The parol testimony shows, that this Harper survey was first settled by Harris, it being university land; that for some cause it was subsequently abandoned by Harris, and a patent issued to Harper; but it was known as a part of the old Harris tract. Now, running a line from a point on Middle Sulphur due north of said 160 acres to a point on South Sulphur, the disputed territory is embraced within said justice precinct. It is further in evidence, that for seventeen years said last mentioned line has been recognized as the boundary line of said justice precinct, and has been acted on as such. If this were a question of boundaries, involved in a litigation for a tract of land, we believe the evidence would be amply sufficient to establish the line just indicated as the western boundary for said tract; and, by analogy, we hold it to be sufficient to establish that part of the west boundary line of said justice precinct, which makes it identical with the surveyed line, as set out in the original application for the local option election. We agree with counsel, that the object of the law requiring metes and bounds to be set out was to apprise all voters to be affected with notice whether or not they were in the territory embraced in the order, and also to notify all persons, after the election, whether or not such territory was within the local option precinct. In this case it is not shown that any persons were living upon the disputed territory, or rather that portion claimed not to be embraced within the justice precinct. This, however, makes no difference, as, in our judgment, said territory is a part and parcel of said justice precinct. In our view, the facts establish that the metes and bounds set out in the original application are identical with Justice Precinct No. 6 of Hunt County; and it was not in such case necessary to record the metes and bounds of said justice precinct in the order of the Commissioners Court, nor to embrace the same in the notice given for election; and we hold the election for said justice precinct valid, and the judgment of the lower court is in all things affirmed.

*Affirmed.*

Judges all present and concurring.