### WILEY WILLIAMS v. THE STATE.

*No. 1201. Decided June 18th, 1895.*

**1.   Local Option—Subdivision—Order for Election—Metes and Bounds.**

The application and the order for a local option election for a city, town or justice's precinct of the county, to be sufficient, need not set out the metes and bounds, but are sufficient when they only allude to them by name; but, if the locality to be affected is other than one of those known divisions of a county, the metes and bounds of such subdivision should be set out.

**2.   Same—Subdivisions May Consist of What.**

A subdivision may consist of a whole of a justice's precinct and a part of another or others, or two or more justice's precincts; but, in such cases, the territory to be affected must be described by metes and bounds in the petition and the notice, of election for local option.

**3.   Same—A Subdivision Consisting of Two Justice's Precincts—Number of Notices.**

A subdivision of a county for local option may consist of two justice's precincts; and though the petition is required to be signed by fifty voters for a single justice's precinct, yet where two such precincts are embraced in a proposed single subdivision, it is only necessary that the petition be signed by 50 and not 100 voters, or 50 for each precinct, as would be required if separate elections were desired in each precinct.

**4.   Same.**

A petition for local option signed by fifty voters is sufficient in every case, except when the local option election is for the whole county, or where an incorporated town or city is embraced within the proposed division or subdivision.

APPEAL from the District Court of San Saba. Tried below before Hon. W. M. ALLISON.

This appeal is from a conviction for a violation of local option, the punishment being a fine of $25 and 20 days' imprisonment in the county jail.

At the February term, 1894, of the Commissioners' Court of San Saba County, upon a petition signed by J. W. Favor and 59 others, the court ordered an election for local option, in the territory described in the petition, which territory, as bounded and described, included all of justice's precincts Nos. 1 and 4. The boundaries as given being the outside lines of said precincts.

At the election held in accordance with said petition local option was carried, and at the time charged the defendant sold a bottle of whisky to J. T. Williams, in the town of San Saba, which is in precinct No. 1, San Saba County.

The only question involved in this record on appeal is: Can the Commissioners' Court, upon a petition signed by 50 qualified voters, or upon

their own motion, order an election for local option in a part of a county larger than a justice precinct, or add two or more justice's precincts together and call the same a subdivision, by simply describing the territory by metes and bounds, although the same may include seven out of the eight justice's precincts in a county.

*Burleson & Meek,* for appellant, filed an able and interesting brief and argument.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was tried in the court below for the violation of the local option law in justice's precinct No. 1, of said county, and was convicted, and his punishment assessed at a fine of $25 and 20 days confinement in jail, and from the judgment of the lower court he prosecutes this appeal.

The only question presented for our consideration is, can the Commissioners' Court, upon a petition signed by 50 qualified voters, order an election for local option in the part of the county embracing two justice's precincts, calling the same a subdivision, and describing the territory by metes and bounds? In ex parte Speagle, 34 Texas Crim. Rep., 465, we hold that "where the election is for an entire county, or for any justice's precinct in the county, in its entirety, or for any town or city therein, it is not necessary to set forth the metes and bounds thereof, either in the minutes of the Commissioners' Court or in notices to be given for the election, and only where it is some subdivision of a county, distinct and different from a justice's precinct, or a town or city, is such description necessary. These latter, it is true, are, in a sense, subdivisions of a county, but they are already designated, and their boundaries matters of record, and are known; and it is sufficient merely to name the justice's precinct or the town or city to be affected. If the locality in which a local option election is ordered embraces less than the whole of the justice's precinct, or one justice's precinct and a part of another, or parts of two or more precincts, such metes and bounds should be set out and made matter of record in the order for election and in the notices." That is, Article 3227, Rev. St., was by said court construed to mean that in a local option election the metes and bounds of a county, city, or town, or justice's precinct of said county need not be set out in the application or order for election, but it was sufficient merely to allude to these by name; but, if the locality to be affected was other than one of these known divisions of the county, that such metes and bounds should be set out; and we now hold that such subdivision may consist of the whole of a justice's precinct and a part of another or others, or two or more justice's precincts. In such case, the territory to be affected must be described by metes and bounds. In this case, the territory was described by metes and bounds, but it is said that the territory so described embraces exactly precincts Nos. 1 and 4, of San Saba county; and it is contended that because these two precincts have their known

boundaries, and a local option election could be ordered for either without the necessity of describing the territory so embraced by metes and bounds, therefore it is not such subdivision of the county for which a local option election can be ordered. As strengthening this position, the appellant urges that, if the local option election is to be held in either of said known precincts, it would require a petition signed by 50 voters, and if the two can be embraced, as was done in this case, that a petition of 50 voters can accomplish, when they are designated as a subdivision, the same object which would require 100 voters if they petition the vote singly. While this may be true, to our minds it furnishes no reason why the two precincts, or even more territory short of the whole county, cannot be embraced in the order, and authority vested in such subdivision to vote upon local option upon a petition of only 50 voters of such territory; for, as we understand it, so the law is written. As we construe the law, it is only necessary that the petition be signed by 50 voters, except in two contingencies: One is where the local option election is for the whole county, and the other is where an incorporated town or city is embraced within the local option division or subdivision. In the view we take of this question, there is no error in the record, and the judgment is affirmed.

*Affirmed.*