## Ex Parte John Brown.

### *No. 901. Decided February 12th, 1896.*

**1. Local Option Election—Second Election Within Two Years—Construction of Statute.**

Revised Civil Statutes, Art. 3393 [3236], provides, "that no local option election un-der the preceding articles shall be held, within the same prescribed limits, in less than two years after an election under this title has been held therein." Held: That "the same prescribed limits," means all of the same territory covered by and em-braced in the first election—it means where the precise territory is to be affected. But the prohibition does not apply to subdivisions carved out of the territory which was embraced in the first election and which are of lesser extent than the original territory. A subdivision may be taken from two or more adjacent precincts, and, where carved out of other territories, is a separate and distinct subdivision of the county for local option purposes.

**2. Same—Publication of the Result of the Election.**

Where the result of a local option election was published once a week for three consecutive weeks, when the further publication was suspended by an injunction until it was dissolved, after which the fourth publication was made. Held: This was a sufficient compliance with the statute [Rev. Stat., Art. 3351] which requires the publication to be made for four successive weeks. Following, McDaniel v. State, 32 Tex. Crim. Rep., 16.

APPEAL from the County Court of Burnet. Tried below before Hon. J. A. Crews, County Judge.

A statement of the case taken from the brief of counsel for appellant, and which is substantially correct, is as follows, viz: Relator was ar-rested on the 8th day of November, 1895, under a warrant issued by the Clerk of the County Court of Burnet County, upon a complaint and information charging a violation of the local option law alleged to be in force in a subdivision of Burnet County, Texas, described in the infor-mation. He applied to the Hon. J. A. Crews, County Judge of Burnet County, for a writ of habeas corpus, which was granted, and on the 30th day of December, 1895, his application was heard and a judgment was rendered remanding him to the custody of the Sheriff of Burnet County, from which judgment he appeals to this court.

The election which put the local option law in force in the said par-ticular subdivision is shown by the testimony to have been held on the 4th day of June, 1895. The subdivision is also shown to constitute a part of, and is situated entirely within the limits of Justice's Precinct No. 1, Burnet County, Texas.

The testimony further shows that on the 10th day of July, 1893, an election was held under the proper order of the Commissioners' Court

for the entire Justice's Precinct, No. 1, to determine whether or not the sale of intoxicating liquors should be prohibited in said precinct, which election resulted against prohibition, and the result was properly canvassed and declared by the Commissioners' Court.

The testimony further shows that the election held in the subdivision of such precinct on the 4th day of June, 1895, was canvassed and the result declared, and a prohibitory order was made by the said court, which order was duly published for three consecutive weeks in a newspaper called the "Burnet Bulletin," which had been selected by the County Judge for the publication of the order; the last of the three publications was made on the 4th day of July, 1895. On the 6th day of July, 1895, the further publication of the order was enjoined, by the order of Hon. H. Teichmueller, Judge of the Twenty-second Judicial District, upon the petition of W. C. Galloway, who brought the suit for injunction alone, setting up special damages to himself in the event that such prohibitory order should be fully promulgated, and thereby become enforceable through criminal prosecution, which damages were of a character not common to the other members of the community to be affected by the law.

The injunction remained in force until the 16th day of September, 1895, when, upon the motion of the defendants in that suit, it was dissolved, in chambers, by the Hon. W. A. Blackburn, Judge of the Twenty-seventh Judicial District, upon the ground of the want of equity in the petition, which judgment of dissolution disposed of all the matters in controversy as to all the parties to the suit, and also adjudged the costs of the suit and awarded execution.

The plaintiff in that suit filed his exceptions to the hearing of the motion to dissolve in vacation, upon the ground that such motion went to the merits of the entire case, and could not be heard and determined until the case was duly called for trial. His exceptions were overruled, and the injunction dissolved, in vacation, from which the plaintiff appealed, and on the 17th day of September he presented to the clerk of the District Court of Burnet County, his appeal bond suspending and superseding the judgment of dissolution, which bond was, at that date, filed and approved by the clerk.

The testimony further shows that the fourth and last week's publication of the prohibitory order was made in the said newspaper on the 19th day of September, 1895, by J. A. Stevens, the publisher of the said paper, and one of the defendants in said injunction suit.

The testimony shows a sale of the intoxicating liquor by the relator in the subdivision for which the election of June 4th, 1895, was held, at the time charged in the complaint, but relator claims that he has not violated any law of the State, and that the County Judge erred in not discharging him from custody.

*J. G. Cook*, for relator.—The statute does not authorize a second election upon local option in a justice's precinct, or in any part of such

precinct, within two years from the date of an election held for the entire precinct, and this whether prohibition is adopted or defeated, and the election held for the subdivision on June 4th, 1895, was less than two years from the date of the precinct election, and for that reason was without authority of law and a nullity. Arts. 3236 and 3238, Rev. Stat. (as amended by Acts of 1893, p. 50); Sayles' Digest, Arts. 3236 and 3238 (Acts of 1887); Dawson v. State, 25 Tex. Crim. App., 676; Whisenhunt v. State, 18 Tex. Crim. App., 494; Tyson v. Britton, 6 Texas, 222; Roberts v. Yarboro, 41 Texas, 449.

The election for the entire precinct was held under the law of 1887. The Act of 1893, p. 48, made no change in the local option law, except to permit its adoption in any subdivision of the county which might be designated by the Commissioners' Court. In both acts, Art. 3236, in general terms, prohibits any second election within the same prescribed limits, within two years from the date of the first election, and this without regard to whether prohibition was adopted or defeated.

It is contended that this article is the general rule enacted in obedience to the requirement of the constitution, that the "legislature shall enact a law whereby the qualified voters of any county * * * by a majority vote from time to time may ascertain whether or not the sale * * *" etc.

It cannot be questioned that if there were no other enactment upon this subject a second election could not be held within the same prescribed limits within two years from the first election, regardless of the result.

Article 3238, Acts of 1893, p. 50, however, creates certain exceptions to the rule and provides three instances where the second election may be held within two years.

(1) Failure to carry prohibition at an election held for the entire county permits an election to be held immediately in any justice's precinct, city, town, or subdivision of the county, designated by the Commissioners' Court; (2) Failure to carry prohibition in a town or city, will permit an immediate election in the entire precinct or county in which it is situated; (3) The holding of an election in a justice's precinct will not prevent the holding of an election immediately thereafter for the entire county.

It will be seen that there is no provision for the holding of a second election within a justice's precinct, city or town, or subdivision of such precinct immediately after an election has been held for the entire precinct, or within two years thereafter. The authority for holding such second election within such precinct can be derived only by analogy, or implication. But such construction will be prohibited by the rule that "where the legislature has prescribed a general rule with special disabilities or privileges, these cannot be extended to objects not embraced within the exception, by mere implication, or from parity of reason." Tyson v. Britton, 6 Texas, 222; Roberts v. Yarboro, 41 Texas, 449.

But it may be contended that in the case under consideration, the second election being held for only a portion of precinct No. 1, and not for the entire precinct, it "was not within the same prescribed limits" as that for which the election in July, 1893, was held.

If such contention should be sustained, it would practically abrogate that part of Art. 2336, which prohibits a second election within two years in a prescribed territory; for immediately after an election for a justice's precinct, if prohibition should be defeated, a subdivision embracing the entire precinct except a quarter of a section of land, could be designated by the Commissioners' Court and another election ordered. If prohibition were defeated in this election, another subdivision embracing the entire precinct except a half section in the corner, could be designated and a third election immediately ordered; and so on ad infinitum. But the expression, "within the same prescribed limits", as used in Art. 3236, has been construed by this court in the case of Whisenhunt v. State,. 18 Tex. Crim. App., 494. In that case the court held that "The article 3236, clearly prohibits any second election anywhere within the prescribed limits until twelve months (now two years) have elapsed * * *." It may also be urged that the Acts of 1893 permits a new territorial subdivision of a county for local option purposes, to be created by the Commsssioners' Court, of a kind not named in the Act of 1887, and the exercise of that power by the court is not limited by any election which may have been · recently held in any portion of the county which may be included in the new subdivision designated.

If such construction obtain, a subdivision including portions of one justice's precinct which had recently adopted local option, and of one where it had been recently defeated, could be designated by the court and an election ordered. If defeated in the new subdivision it would operate to repeal local option in a part of the precinct which had recently adopted it. It is impossible to conceive the extent and embarrassment that such exercise of power by the Commissioners' Court would occasion.

The more reasonable doctrine is that enunciated by this court in the case of Dawson v. State, 25 Tex. Crim. App., 676, which is to the effect "That the legislature has no power whatever with respect to local option in localities in which the qualified voters have exercised their constitutional right to pass upon the subject in accordance with the law then existing."

In the case now under consideration the voters of precinct No. 1 of Burnet County, while the Act of 1887 was in force, passed upon the question whether or not the sale of intoxicating liquors should be prohibited within precinct No. 1 for two years from the 10th day of July, 1893. The time during which they would be freed from the disturbing and vexatious effects of a contest of that character was one of the matters voted upon and entered into, and had as much influence in determining the result of the election as, perhaps, any other consideration.

The result of that election fixed the status of the entire precinct in

regard to that question for the two succeeding years, subject only to the right of the entire county to· hold an election; and it was not in the power of the legislature to pass a law changing that status in any particular during the period of two years from the date of the precinct election. 25 Tex. Crim. App., 673, 4.

Second.—The action of the Hon. W. A. Blackburn, Judge of the Twenty-seventh Judicial District, in dissolving the injunction in vacation and determining the merits of the entire suit as to all the parties thereto was without authority of law and an absolute nullity, and did not affect the status of the injunction then in force; and the fourth week's publication being in violation of an existing injunction, was also a nullity, leaving only three weeks' publication of the order that had been made, which is not such promulgation as is required by the law. Sayles' Dig., Art. 2891; Sayles' Dig., Art. 1455; Rule No. 25 for the District Courts; Art. 3234, Acts of 1893, p. 49; Huston v. Barry, 3 Texas, 235; High on Injunction, Sec. 879; Ward v. Billups, 76 Texas, 468; Seligson v. Collins, 64 Texas, 315; 2nd High on Injunction, Secs. 1434, 1447; Phillips v. State, 23 Tex. Crim. App., 304.

Third.—Even if such dissolution and disposition of the case upon its merits were authorized by law the effect of the appeal and supersedias bond was to suspend the judgment of dissolution and continue the injunction in force, and the fourth week's publication was in that case in violation of an existing injunction and consequently a nullity. Williams v. Pounds, 48 Texas, 144; Railway v. Railway, 68. Texas, 105.

The sole object of the suit of W. C. Galloway v. J. A. Stevens, et al, was to enjoin the publication of the prohibitory order of the Commissioners' Court, made after the canvass of the result of the election held for the subdivision of precinct No. 1, on the 4th day of June, 1895. The injunction was existing and in force on the 16th day of September, 1895, at the time of its attempted dissolution by the Hon. W. A. Blackburn. His dissolution, if legal, would determine the merits of the case, and dispose of all the matters in controversy as to all the parties to the suit. Such disposition of the case, in vacation, was not only erroneous, but an absolute nullity. Article 1455, Rev. Stat., permits only such motions as do not go to the merits of the case, to be heard before the case is regularly reached on the docket and called for trial. The Supreme Court of Texas, in the case of Huston v. Barry, 3 Texas, 235, construes this article as applicable to motions to dissolve injunctions, and in that case sustained the action of the court below in dissolving the injunction in vacation, for the reason that such dissolution did not dispose of all the matters in controversy in the suit.

The action of the District Judge in dissolving the injunction being void, it did not affect the writ, and the publication of the order in the newspaper of the issue of September 19th, 1895, was in contempt of an existing injunction, and was, for that reason, a nullity. The statute requires the prohibitory order to be published for four consecutive weeks before the local option law can be enforced. (Art. 3234, Rev. Stat.;

Phillips v. State, 23 Tex. Crim. App., 304). The lawful publication of the prohibitory order in this case has been made for only three consecutive weeks.

The supersedias bond of plaintiff in the injunction suit was filed and approved on the 17th day of September, 1895, and the fourth week's publication of the prohibitory order was made on the 19th day of September, 1895. Our Supreme Court, in the case of Railway v. Railway, 68 Texas, 105, holds, that under our statutes, when an injunction is dissolved in a final judgment, and an appeal is prosecuted under a supersedias bond, the dissolution is suspended and the injunction is continued in force by the appeal, and on page 104, the same case, it is held, that "any judgment is final which disposes of the matters in controversy as to all the parties to the suit."

If such is the law, then the fourth publication of the order was prohibited by the injunction, which was continued in force by virtue of the appeal, and should not be held valid or legal.

After a full and careful consideration of the law applicable to the facts of this case, it is not believed that this court will leave John Brown's body in its present restrained condition, which in this case, unfortunately, also circumscribes the movement of his soul, and his spirits, too, have not that unrestrained flow which youthful vitality (and commerce) demands.

*Mann Trice,* Assistant Attorney-General, for respondent.

HURT, PRESIDING JUDGE.—It appears from the record that an election was held for the purpose of determining whether intoxicating liquors should be sold in precinct No. 1, of Burnet County. This election was held on the 10th day of July, 1893, and resulted against prohibition. The subdivision, in which the last election was held, was carved out of said precinct No. 1. The last election for this subdivision was had before the expiration of two years from the date of the first election. It occurred a month and six days prior to the expiration of the two years. The relator contends that this election was absolutely void, because it could not legally he held at that time, or at any time prior to the expiration of the two years. The appellant insists that this contention is supported by article 3236, which provides, "that no election under preceding articles shall be held within the same prescribed limits in less than two years after the election under this title has been held therein." This article does not support the contention of the relator. The last election was not within the same prescribed limits,—all of the same territory was not covered. Article 3238 provides, "that the holding of an election in a justice's precinct shall not in any way prevent the holding of an election immediately thereafter for the county." It does not prohibit the holding of an election in the same precinct for a town, city, or subdivision thereof within less than two years. One of the objects of this article is for the purpose of prohibiting the construction

of the local option law so as to permit an election in a precinct, town, or city, in which prohibition was defeated, preventing an election in the county, or precinct, as the case may be. To be more explicit, if prohibition is defeated in a town or city, the object of this article is to prevent the law from being so construed as to hold that an election could not be had in the precinct or the whole county within less than two years after the election. If an election is held within a precinct, and prohibition defeated, the law must not be so construed as to hold that such an election would prevent an immediate election for the whole county. It says nothing about lesser territories, except the first subdivision of the article. Prohibition, in article 3236, applies to the county, cities, or subdivisions of the county, and that an election cannot be had, whether prohibition carries or is defeated, until the expiration of two years thereafter. This means where the precise territory is to be affected, and has no reference to carving below the extent of such territory. The last act gives to a Commissioners' Court the right to carve out just such territory as they may deem proper. It may be taken from two or more adjacent precincts. When carved, it is treated as a separate and distinct subdivision of the county for local option purposes. The result of the election was published consecutively for three weeks, once a week in June and July, as required by law, but the fourth publication was on the 19th of September. The continuity being thus broken by an injunction, which was afterwards dissolved, the relator contends that the result of the election, to-wit: prohibition, cannot be enforced, and that the election is a nullity. We had this precise question in the case of McDaniel v. State, 32 Tex. Crim. Rep., 16, and in that case we held that the hiatus would not defeat the election. We see no reason for changing our opinion in regard to this question.

*Affirmed.*