Appellant was convicted of selling intoxicating liquors in a local option precinct, in violation of the local option law, and prosecutes this appeal. The local option election was held in and for justice precinct No. 3, of McLennan County, to determine the question whether intoxicating liquors should be prohibited from being sold within the bounds of said precinct. The petition describes the metes and bounds of said precinct No. 3, but the order declaring the result of said election does not set out the metes and bounds thereof, and appellant objected to the introduction of this order upon this ground. This is not required by the local option law, where the election is held in a justice precinct. See, Ex parte Smith, 34 Tex. Crim Rep., 284; Ex parte Speagle, 34 Tex.Crim. Rep.. It is only where the *Page 547 
election is held in a subdivision other than justice precincts, cities and towns, that the boundaries are required to be set out in the petition and recorded on the minutes of the court. In Speagle's case, supra, it was said: "We now hold that where the election is for the entire county, or for any justice precinct in the county in its entirety, or for any town or city therein, it is not necessary to set forth the metes and bounds thereof, either in the minutes of the Commissioners' Court, or in the notice to be given for the election; and only where it is some subdivision of the county distinct and different from a justice precinct or a town or city is such description necessary. These latter, it is true, are, in a sense, subdivisions of a county; but they are already designated, and their boundaries matters of record, and are known, and it is sufficient merely to name the justice precinct or the town or city to be affected. If the locality in which the local option election is ordered embraces less than the whole of the justice precinct, or one justice precinct and a part of another, or part of two or more precincts, such metes and bounds should be set out and made matter of record in the order for election and in the notices." It is contended that the testimony is not sufficient to authorize the judgment of conviction. The undisputed facts show that the alleged purchaser bought thirty cents' worth of alcohol from the defendant, within the local option precinct; that he bought it for his sister-in-law, Mrs. Purden, who was sick; that he informed the defendant at the time he purchased it the purpose for which he bought it, and appellant said it was wrong to let the witness have it that way, but under the circumstances he would do it. Then it may be granted that appellant sold the alcohol to Cook with the understanding and belief on his part that he was selling it for medicinal purposes; further, it is an undisputed fact that it was bought without a prescription; and we are asked to hold, under this state of case, that appellant would not be guilty of violating the local option law, because he may not have had an intent to do so. However strong this might appeal as an equitable reason against a violation of the law, yet, under the statute, we do not believe it is sound or well taken. The statute provides that sales of this character can only be had upon the prescription of a regular practicing physician. Where a party seeks to purchase intoxicants for medicinal purposes under the local option statute, it is required by the statute that he have a prescription of a physician. We do not hold that an emergency might not arise in which a sale may be made without such prescription. The facts of this case do not present such emergency. The other questions in the case — as we understand them — in the view we take of the record, do not require consideration. The judgment is accordingly affirmed.
Affirmed.
HURT, Presiding Judge, absent. *Page 548