### MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. R. L. TOLBERT.

Decided October 20, 1906.

#### 1.—Stock Law—Collateral Attack.

In a suit for the value of a mule killed by one of defendant's locomotives' on the right of way in a precinct in which the stock law was supposed to be in force, the court did not err in permitting an inquiry into the validity of the election upon said stock law.

#### 2.—Same—Description of Territory.

The petition for an election upon the stock law prayed for an election to be held in a justice precinct; the statute provides that "if the petition be from the free–holders of a subdivision of any county, such subdivision shall be particularly described and the boundaries thereof designated:" in the petition offered in evidence in this case the precinct in which the election was

to be held was only described or designated by its number. Held, because of this defect in the petition the election was void.

Appeal from the County Court of Hunt County. Tried below before Hon. F. M. Newton.

*T. S. Miller* and *W. C. Jones,* for appellants.—When the requisite number of freeholders, who are qualified voters, and resident citizens of a county or of a political subdivision of a county, such as a justice precinct, petition the Commissioners' Court to order an election to determine whether horses, mules, jacks, jennetts and cattle shall be permitted to run at large within the limits of said county or within the limits of such political subdivision of a county, it is not necessary or required by law for the petition to set out the boundaries of such county or political subdivision by metes and bounds and in all proceedings and orders had by the Commissioners' Court on a proper petition filed it is only necessary for said court to refer to the county by name and to the political subdivision by number and name, and such a description is sufficient. Constitution 1869, art. 5, secs. 19, 21; Constitution 1875, art. 5, sec. 18; Acts 26 Leg., p. 220; Speagle v. State, 31 S. W. Rep., 171; Nichols v. State, 37 Texas Crim. Rep., 546.

The court erred in holding that all the proceedings of the Commissioners' Court of Hunt County, and of the judge thereof, relating to the ordering and holding said election, counting the votes, declaring the result and proclaiming that the stock law was in force in Justice Precinct No. 1, Hunt County, Texas, were invalid. Because, this is a civil suit between plaintiff and defendant, and the proceedings of the Commissioners in ordering stock law elections, for any irregularity in ordering and the holding of elections for the adoption of the stock law are only voidable, and can be set aside and held for naught, only by a direct proceeding for that purpose. Galveston, H. & S. A. Ry. Co. v. Kropp, 14 Texas Ct. Rep., 927; Freeman on Judg., 135; 1 Black on Judg., 246, 2d ed.

*C. E. Mead,* for appellee.—The petition refers to the territory as "Justice Precinct No. 1 of Hunt County, Texas," and does not attempt to give the boundaries thereof. Acts 26 Leg., chap. 128; Cox v. State, 88 S. W. Rep., 812; Prather v. State, 12 Texas Crim. App., 401; Akin v. State, 14 Texas Crim. App., 142; Furrh v. Rudd, 24 S. W. Rep., 1126; Stallworth v. State, 18 Texas Crim. App., 379; McMillan v. State, 18 Texas Crim. App., 375; Green v. Southard, 61 S. W. Rep., 705; Armstrong v. Traylor, 87 Texas, 603; Gilley v. Haddox, 4 Texas App. C. C., 213.

The validity of the "stock law" election was a proper issue to be adjudicated in the trial of this case. Graves v. Rudd, 65 S. W. Rep., 63; Armstrong v. Traylor, 87 Texas, 598; Ness v. Maxwell, 32 S. W. Rep., 561; Gilley v. Haddox, 4 Texas App. C. C., 213; McHan v. Connell, 4 Texas App. C. C., 202; Curry v. State, 28 Texas Crim. Apps., 475; Ex parte Kramer, 19 Texas Crim. App., 125.

TALBOT, Associate Justice.—Appellee's mule was struck and killed by one of appellant's locomotives on the night of October 13.

1904, and this suit was brought to recover its value. From a verdict and judgment in favor of appellee for the sum of $175, this appeal is prosecuted. Appellant's railroad runs through Hunt County and appellee's mule was struck and killed in Precinct No. 1 of said county. Prior to the killing of the mule appellant had fenced its right of way, but a panel of what is called a "wing fence," made of plank leading from the wire fence on the edge of the right of way to a cattle guard placed in the roadbed, had been burned, through which the mule passed onto the track. It is conceded by appellee that if appellant was not required to maintain and keep in repair its right of way fence in the precinct where appellee's mule was killed he is not entitled to recover. Appellant does not, on this appeal, as we understand it, controvert the claim of appellee that its said fence was out of repair, that it caused the death of the mule in question, and that the mule was of the value found by the jury. Appellant's contention was and is that the stock law prohibiting the running at large of horses, mules, etc., was legally in force in said precinct at the time appellee's mule was killed, and that unless appellant's servants operating the engine causing its death were guilty of negligence appellant is not liable. In support of this contention appellant, in the court below, as is shown by its bills of exception, introduced in evidence a petition signed by the requisite number of freeholders and qualified voters of said precinct, which was filed August 17, 1900, praying the Commissioners' Court of Hunt County, Texas, to order an election to determine whether or not horses, mules, jacks, jennets and cattle should be permitted to run at large in said precinct No. 1 of said county; also the order of said Commissioner's Court ordering said election, the county judge's written order therefor, together with the tabulation of the votes polled at said election, showing a majority of 64 votes for the stock law and the proclamation of the county judge declaring such result. After the introduction of this evidence, all of it, upon motion of appellee's counsel, was withdrawn by the court and excluded from the consideration of the jury, because the boundaries of the Justice Precinct in which the election had been ordered to be held were not designated and particularly described in the petition asking for said election and in orders made thereon and because notice of the election was not legally shown, the court holding that the county judge's certificate showing such notice was inadmissible for that purpose. The court's action in withdrawing and excluding this evidence is assigned as error and the questions arise, could the validity of the election be inquired into in this suit? If so, was the stock law legally in force in said precinct at the time appellee's mule was killed? We have reached the conclusion that the first of these questions should be answered in the affirmative and the latter in the negative. The petition prayed for an election to be held in a subdivision of the county, namely a justice precinct, and the statute expressly provides that "if the petition be from the freeholders of a subdivision of any county such subdivision shall be particularly described and the boundaries thereof designated." (Acts 26th Leg., p. 220, sec. 3.) No such description was given in the petition under consideration. On the contrary the precinct in which the election was sought to be held was only described or designated by its number and no attempt whatever at a further descrip-

tion appears. It is believed that a petition for a stock law election to be held in a subdivision of a county under the statute referred to particularly describing such subdivision and designating the boundaries thereof, is a jurisdictional prerequisite to the ordering of such election and that an election ordered and held without such petition is a nullity. As said by our Court of Criminal Appeals in Donaldson v. State, 15 Texas Crim. App., 25, the local option law, "being for a particular locality only it is a quasi local or special law and depends for its validity upon its adoption in conformity with the law permitting its adoption." And in a number of other cases it was held, in effect, by that court, prior to the Act of 1887, in passing upon local option statutes, that such laws must be strictly construed and every requisite of the statute, as to the petition, order of election and other proceedings in reference thereto must be complied with or the election would be void. (Prather v. State, 12 Texas Crim. App., 401; Akin v. State, 14 Texas Crim. App., 142; Ex parte Kramer, 19 Texas Crim. App., 125.) In the last case cited, it is said: "Applicant claims his discharge from custody upon the ground of the alleged illegality of the election at which the local option law was declared to have been adopted in Young County. We think there is no question but that he may attack the validity of the election by means of this proceeding. If the election was not conducted in accordance with the requirements of the law it is void and not merely voidable and all proceedings had under and by virtue of such void election are absolutely void and may be questioned, not only directly but collaterally." The Act of 1887 permitted the Commissioners' Court to order an election to determine whether or not the sale of intoxicating liquors should be prohibited, either upon the petition of a certain number of citizens or without such petition, and under that Act the court held that it would not go behind the order of the Commissioners' Court to inquire into the validity of the petition, because the power was conferred upon that court by said Act to order an election without it. (Ezzell v. State, 29 Texas Crim. App., 521; Dillard v. State, 31 Texas Crim. Rep., 470.) There is no statute in this State authorizing the Commissioners' Court to order a stock law election without the presentation of the required petition and hence the decisions of the Court of Criminal Appeals rendered since the passage of the Act of 1887, to which we have referred, do not change the rule of construction, applicable, as we think, to this and similar cases announced by that court prior to that Act. Furthermore, in the recent case of Cox v. State, 88 S. W. Rep., 812, the Court of Criminal Appeals of this State decided that an election ordered and held on a petition for a justice precinct under the very statute we are considering, which failed to give the boundaries of said precinct, but referred to it only by number, as the one in question here does, was void. Judge Brooks in delivering the opinion of the court said: "We note that the petition merely gives the number of the justice precinct in which the stock law election is to be held. The statute says it must give the boundaries. We are not at liberty to disregard the plain provisions of the statute, yet we see no reason for giving the boundaries of a precinct when the number is given, but the statute says it is necessary." (See also Ex parte Kimbrell, 83 S. W. Rep., 382.) We see no good reason to depart in this case from the prac-

tice of our Appellate Courts to follow the construction placed by our Court of Criminal Appeals on statutes having a criminal penalty. Indeed, the construction given by that court to the statute involved in this suit is entirely in accord with the views of this court and determines the questions presented adversely to appellant. The cases of Nichols v. State, 37 Texas Crim. Rep., 546, and Speagle v. State, 31 S. W. Rep., 171, cited by appellant are not in point. Nor are we prepared to say that the case of Galveston, H. & S. A. Ry. Co. v. Kropp, 91 S. W. Rep., 819, decided by the Court of Appeals of the Fourth District, seemingly relied upon by appellant, is in conflict with the views entertained by this court, and of the Court of Criminal Appeals, as expressed in the decisions of that court, to which we have referred. The nature of the defects in the proceedings leading up to the declaration of the result of the election involved in that suit does not appear in the report of the case; and while there are expressions in the opinion conveying the idea that the court at San Antonio entertained the view, that the validity of the election could not be questioned, except in a contest under article 1804 of the Revised Statutes, yet we think the defect shown must not have been such an irregularity as rendered the election void. We do not understand that court to hold that a stock law election absolutely void can not be attacked in a proceeding like this. If the election was absolutely void it was as though no election had ever been held, and although the result had been legally proclaimed and the stock law was being enforced, it did not dispense with the duty devolving upon the railway company to fence its road in order to exempt itself from liability for stock killed unless negligence on its part is shown, and warrant the assumption that stock embraced in the proclamation would not be at large in the precinct in which the election had been held. In the case of Houston & Texas Central Railroad Co. v. J. A. Thompson, decided by this court at its present term, it was held that a mere irregularity in the proceedings, putting the stock law in force, in that the petition called for an election to determine whether or not horses, mules, jacks, jennets and cattle, and also hogs, sheep and goats shall be permitted to run at large, when there are separate statutes providing for such an election applicable to the different classes of animals named in said petition, would not render the election void and would not be inquired into in a suit of this character, but the fact is emphasized in the opinion that there was nothing in the record showing the election to be void.

The conclusion reached upon the question discussed renders it unnecessary for us to determine whether or not the publication of the order of the election and posting of the proclamation declaring the result thereof can be legally shown by the certificate of the county judge, taken from the minutes of the Commissioners' Court.

We think the judgment of the court below in this case should be affirmed and it is so ordered.

ON MOTION FOR REHEARING.

Upon the filing of appellant's motion for a rehearing in this case we certified the questions involved to the Supreme Court for decision.

That court, in an opinion by Associate Justice Williams, delivered April 10, 1907, and reported in Texas Court Reporter, volume 18, page 94, upheld the ruling of this court, to the effect, that the stock law election held in the precinct of Hunt County where appellee's mule was killed, was void because the petition for such election did not describe said precinct by metes and bounds.

The motion for rehearing is overruled.

*Overruled.*