SCURLOCK, Co. Atty., v. FAIRCHILDS et al.

(Court of Civil Appeals of Texas. Galveston. June 10, 1913. Rehearing Denied Oct. 9, 1913.)

1. INTOXICATING LIQUORS (§ 34*)—LOCAL OPTION — ELECTIONS — TIME — STATUTES — MANDATORY REQUIREMENTS.

Rev. Civ. St. 1911, art. 5717, provides that, on petition for a local option election being filed, the court shall order that an election be held on a date not less than 15 nor more than 30 days from the date of the order. Held, that the provision for the time of the election was mandatory, and that a local option election held at a date later than that prescribed was void.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 42; Dec. Dig. § 34.*]

2. INTOXICATING LIQUORS (§ 30*)—LOCAL OPTION ELECTION — TERRITORY — SEVERAL SCHOOL DISTRICTS — SEPARATE JUSTICE'S PRECINCTS—JOINDER—STATUTES—VALIDITY.

Const. 1876, art. 16, § 20, requiring the Legislature to enact a law authorizing the voters of any county, justice's precinct, town, or city to determine whether the sale of intoxicating liquors should be prohibited within the prescribed limits, was amended in 1891, so as to require the enactment of a law whereby the voters of any county, justice's precinct, town, or city, "or such subdivision of the county designated by the commissioner's court," by a majority vote may determine from time to time whether intoxicating liquors shall be prohibited within the prescribed limits. Held, that such provision as amended authorized the passage of Rev. Civ. St. 1911, § 5715, providing that the commissioners' court of each county might order a local option election to be held by the qualified voters of the county, or of any commissioners' or justice's precinct, or school district, or any two or more of the political subdivisions of the county as might be designated by the court; and hence it was proper for a commissioners' court to order a local option election in territory comprising several school districts, though they were included in different justice's precincts.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 37; Dec. Dig. § 30.*]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Suit by George Fairchilds and others against Marvin Scurlock, County Attorney of Jefferson County, to contest a local option election. Judgment for plaintiffs, and defendant appeals. Affirmed.

Smith & Mothner, of Beaumont, for appellant. E. A. McDowell, of Beaumont, and E. B. Pickett, Jr., of Liberty, for appellees.

McMEANS, J. On November 11, 1912, there was presented to the commissioners' court of Jefferson county a petition requesting said court to order an election in school districts Nos. 1, 2, 3, and 18 in Jefferson county, to determine whether intoxicating liquors should be sold in the territory comprised of said school districts, usually called a local option election. The commissioners' court on said date granted the petition, and ordered the election to be held on December 21, 1912, which was more than 30 days—in fact 40 days—after the date of making the order. The election was held on the date designated, and a majority of the qualified voters in the territory affected voted in favor of prohibition, and the result of the election was duly declared. George Fairchilds and Charles Fairchilds, claiming that the election was void, brought this suit against Marvin Scurlock, county attorney of Jefferson county, to contest said election, the grounds of contest being: (1) That the commissioners' court was without legal authority to order the election to be held 40 days after the date of the order; and (2) that said court was without lawful authority to direct the holding of such election in more than one existing political subdivision of the county. The case was tried before the court without a jury, and resulted in a judgment for contestants; the court holding that the election was void upon both grounds urged, as will appear from the following copy of a portion of the court's decree: "And it appearing to the court, from the pleadings and exhibits thereto, which were offered as evidence, the

testimony adduced before the court, that in this cause, which is a contest of a local option election granted and ordered by the commissioners of Jefferson county, by order of said court, duly made on the 11th day of November, 1912, fixing the territory within which said election should be held as school districts Nos. 1, 2, 3, and 18 in said county, and directing and ordering that the said election be held on the 21st day of December, 1912, and it appearing from the said order of the said commissioners' court that the said election was ordered to be held, and from the evidence that said election was actually held, on the 21st day of December, 1912, 40 days after the date of making of said order, it is the opinion of the court that the said order of the said commissioners' court is void; said court being without power to fix the time for holding said election more than 30 days from and after the date of the order calling the election. It further appearing to the court that the evidence introduced before the court, and the order of the said commissioners' court that this election was ordered to be held, and was held, in territory composed of four separate school districts, and that part of said territory lies in two separate and distinct justice's precincts of said county, to wit, a part in justice's precinct No. 5, and a part in justice's precinct No. 1, it is the opinion of the court that the commissioners' court is without power to create local option territory by combining several school districts comprising a part of two justice's precincts, for the purpose of voting upon the question of sale or nonsale of intoxicating liquors, and the said election is null and void for this reason also. It is therefore ordered and adjudged by the court that the local option election so held on the 21st day of December, 1912, is, and the same is hereby declared to be, null and void and of no effect; and the said election having been ordered and held in territory not permitted by law, this court is without power to order another election." From this judgment the county attorney has appealed.

[1] By his first assignment of error appellant complains of the action of the court in holding that the election was void because the commissioners' court was without authority to order the election to be held at a date 40 days after the date upon which the order was made. Under this assignment appellant contends that article 5717, Revised Statutes 1911, which provides that it shall be the duty of the commissioners' court, when ordering an election for local option purposes, to order the same to be held upon a day not less than 15 nor more than 30 days from the date of such order, although mandatory in the sense that it imposes an imperative duty upon such courts to comply with its letter, is not mandatory in the sense that it renders void an election duly called and held on the date fixed by the court's

order, although more than 30 days after the order, and that when such an election has been held, and the result duly declared, the election is valid, unless it appears that the order to hold, and holding of the election, at a date more than 30 days after the date of the order prevented a fair election, or that the result thereof was in some manner or degree affected thereby, or that such action on the part of said court was fraudulent and tainted the election with fraud.

The article of the statute above referred to, in part, reads as follows: "Art. 5717. When the commissioners' court, of their own motion, or upon the petition provided for in article 5715, shall order the election as herein provided for, it shall be the duty of said court to order such election to be held at the regular voting place or places within the proposed limits, upon a day not less than fifteen nor more than thirty days from the date of said order. * * *" Appellant admits that the above requirements are mandatory in the sense that it imposes an imperative duty upon the commissioners' court to comply with their letter, but contends that an election ordered to be held and held at a date later than that prescribed by the statute would be valid unless for some other reason it should be held to be void. We agree with appellant that the statute is mandatory, and are further of the opinion that the commissioners' court had no power or jurisdiction to order a local option election at a date later than the date prescribed by the statute, and that the election so held is absolutely void. This has been the uniform ruling of our Court of Criminal Appeals (Curry v. State, 28 Tex. App. 475, 13 S. W. 753; King v. State, 33 Tex. Cr. R. 547, 28 S. W. 201; Yates v. State, 59 S. W. 275), and the reasons given therefor in the Curry Case seem sound and meet with our approval.

[2] Appellant by his second assignment of error complains of the action of the court in holding the election void on the ground that the commissioners' court in ordering the election combined four school districts, and the election was held in the territory thus designated, and the territory thus designated was composed in part of two justice's precincts. This assignment raises the question, Did the commissioners' court have the power to order a local option election to be held within the limits embraced in two or more political subdivisions of the county? Section 20 of article 16 of the Constitution of 1876 reads as follows: "The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town or city, by a majority vote, from time to time, may determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." In 1879 the Legislature in obedience to this constitutional requirement enacted the following (Laws 1879, c. 90): "It shall be the

duty of the commissioners' court of each county in the state, upon the written petition of fifty qualified voters of said county, or upon such petition by twenty qualified voters of any justice's precinct, town or city therein, to order an election to be held by the qualified voters of said county, justice's precinct, town or city, as the case may be, to determine whether the sale of intoxicating liquors * * * shall be prohibited in such county, justice's precinct, town or city, or not," etc. It is too clear for argument, we think, that under the quoted provision of the Constitution, and of the legislative enactment adopted in obedience thereto, the commissioners' courts were without lawful authority to order a local option election in any political subdivision of a county other than those expressly named, to wit, justice's precincts, towns, and cities, and equally without authority to order an election in two or more of such subdivisions combined; and an election so held would unquestionably have been void.

Recognizing the fact, doubtless, that there were other subdivisions of counties than these named, and evidently for the purpose of enlarging the scope of the authority conferred by the articles of the Constitution and statute upon the commissioners' courts, the above provision of the Constitution was, in 1891, amended (see Const. art. 16, § 20) so 'as to read as follows: "The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town or city (or such subdivision of the county as may be designated by the commissioners' court of said county) may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." At the first session of the Legislature after the adoption of this amendment that body, in obedience to its requirements enacted the following law (Gen. Laws 1893, c. 45): "The commissioners' court of each county in the state, whenever they deem it expedient, may order an election to be held by the qualified voters of said county, or of any justice's precinct, or such subdivision of a county as may be designated by the commissioners' court of said county, or any town or city therein, to determine whether or not the sale of intoxicating liquors shall be prohibited," etc.

This statute received judicial construction by the Court of Criminal Appeals in the following cases: Ex parte Segars, 32 Tex. Cr. R. 553, 25 S. W. 26, Ex parte Brown, 35 Tex. Cr. R. 443, 34 S. W. 131, Speagle v. State, 34 Tex. Cr. R. 465, 31 S. W. 171, Williams v. State, 35 Tex. Cr. R. 52, 31 S. W. 654, and Nichols v. State, 37 Tex. Cr. R. 546, 40 S. W. 268, and many others, and by the Court of Civil Appeals in Kimberly v. Morris, 10 Tex. Civ. App. 592, 31 S. W. 809, in none of which was the right of the commissioners' court to order a local option election in any subdivi-

sion of the county other than those specifically enumerated in the Constitution in the least questioned, but it does not appear in any of said cases that the constitutionality of the statute in question was raised. In Ex parte Brown the right of such court even to carve out territory in a county, not confining it to any existing subdivision thereof, for the purpose of holding such an election, seems to have been recognized. In that case the court says: "Prohibition, in article 3393 (R. S. 1895) applies to the county, cities, or subdivisions of the county, and that an election cannot be had, whether prohibition carries or is defeated, until the expiration of two years thereafter. This means where the precise territory is to be affected, and has no reference to carving below the extent of such territory. The last act gives to a commissioners' court the right to carve out just such territory as they may deem proper. It may be taken from two or more adjacent precincts. When carved, it is treated as a separate and distinct subdivision of the county for local option purposes."

In 1907 the statute above referred to was amended, and as so amended and now 'in force is brought forward in the Revised Statutes of 1911 as article 5715, which provides, in substance, that the commissioners' court of each county in this state, whenever they deem it expedient may, or whenever petitioned by the requisite number of qualified voters shall, order an election to be held by the qualified voters of the county, or of any commissioners' or justice's precinct, or school district, or any two or more of any such political subdivisions of a county, as may be designated by the commissioners' court of said county, to determine whether or not the sale of intoxicating liquors shall be prohibited in such county, or commissioners' or justice's precinct, or school district, or any two or more of any such political subdivisions of such county, or in any town or city. By this act a school district was clearly recognized as a political subdivision of a county.

It is contended in this case by appellees that under the 1891 amendment of the Constitution a commissioners' court has no power to combine two or more school districts of a county for the purpose of forming a local option district, and that this is especially true where such school districts are composed in part of separate justice's precincts. There is no question that the statute of 1907 confers the power upon commissioners' courts in express terms to combine two or more school districts for the purpose of holding a local option election, and the question now presented is whether the adoption of the statute was prohibited by the constitutional amendment referred to. We have given the matter careful consideration, and have reached the conclusion that the statute is not unconstitutional. The amendment of 1901 commands the Legislature to enact a law where-

by the qualified voters of any county, or of certain enumerated subdivisions of the county as may be designated by the commissioners' court of said county, may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits. The only change made in the former provision of the Constitution was the insertion of the language in parenthesis "(or such subdivision of the county as may be designated by the commissioners' court of said county)." From this it is evident, we think, that the framers of the amendment and the people who adopted it by their votes, not only intended to give the Legislature the right, but to command it, to enact a law whereby the commissioners' courts were required to submit the question of prohibition in any one of the enumerated subdivisions of a county under certain conditions to be prescribed by the Legislature, but to confer upon such courts the power and discretion to order an election in any territory in a county that they might designate, even though it comprised two or more subdivisions of the county, provided that in ordering such election the existing subdivisions of . the county be recognized and regarded. In construing a constitutional provision the construction placed upon it by the Legislature which passes laws for its due enforcement is entitled to great weight, and clearly the Legislature construed the provision under consideration as authorizing it to empower commissioners' courts to combine two or more school districts or other political subdivisions of a county into a local option district. The same construction was given it by the executive department of the state, else the legislative enactment would have fallen under the Governor's veto.

That our Supreme Court holds the same view, we think is evident by its reasoning in Griffin v. Tucker, 102 Tex. 420, 118 S. W. 635, State v. Schwarz, 103 Tex. 119, 124 S. W. 420, and Durrett v. Robinson, District Judge, 103 Tex. 502, 131 S. W. 400. In the case last cited a petition was filed in the Supreme Court seeking to compel the district judge to issue a mandamus to require the commissioners' court to order a local option election in a particular territory of the county not specifically designated in the Constitution. In refusing to order the judge to issue the writ, the Supreme Court says: "The commissioners' court has refused to designate the territory in which the petitioners sought to have the election ordered as a subdivision of the county for local option purposes and to order an election therein, and it was not one of those specifically designated by the Constitution, viz., the county, justice's precinct, town, or city. The designation of other subdivisions besides these is expressly committed by the Constitution to the commissioners' court, and the dis-

cretion allowed to that body cannot be usurped by other courts. The effort of the petitioners was to have treated as a subdivision the territory covered by several justice's precincts, which is not one of those fixed by the law itself. While this court has recognized the proposition that a subdivision may lawfully be thus constituted by action of the commissioners' court in causing an election to be held therein, there is no authority whatever for the contention that it can be done without action of that court. That contention disregards the Constitution and the statute, which commit to the commissioners'. court the question as to the propriety of making other designations than those specifically made in the law itself, a discretion which cannot be controlled by mandamus."

We are not unmindful that the conclusion we have reached is in direct conflict with the opionion of our Court of Criminal Appeals as expressed in Ex parte Heyman, 45 Tex. Cr. R. 532, 78 S. W. 349, Ex parte Williams, 78 S. W. 928, Ex parte Mills, 46 Tex. Cr. R. 224, 79 S. W. 555, Ex parte Mitchell, 79 S. W. 558, Anderson v. State, 49 Tex. Cr. R. 195, 92 S. W. 39, and other cases, and it is with reluctance that we feel compelled to disagree with the views of that court. Ordinarily the civil courts follow the construction given to penal statutes by the Court of Criminal Appeals, since the enforcement of such statutes must be in accordance with such construction. Griffin v. Tucker; State v. Schwarz, supra; Nolan County v. Beall, 98 Tex. 104, 81 S. W. 526. In the case last cited it was held that the local option laws of this state depend wholly for their enforcement upon the infliction of the penalties prescribed by the statute through the procedure provided for that purpose by our Code of Criminal Procedure, that prosecutions thereunder must be instituted and tried in the courts having criminal jurisdiction; that the local option statutes are strictly and essentially criminal laws, and as such primarily subject to the decisions of the criminal courts as to their validity and construction, and that the decisions of the Court of Criminal Appeals are final upon such questions determined by them. After this decision was rendered the Legislature passed an act, amendatory to article 3397, Revised Statutes 1895, being article 5728 of the Revision of 1911 (Acts 1907, 1st Ex. Sess. c. 8), wherein it is expressly provided that contests of local option elections shall be made in the district courts, which shall have original and exclusive jurisdiction to contest such election, and in 1907, the Legislature enacted a law by which the violation of such laws may be enjoined by a proceeding on the part of the state, whereby the power to enforce the local option laws is conferred upon the civil courts (Acts 1907, p. 156, c. 77). Since the passage of these laws it has been held by

our Supreme Court that "decisions of questions coming within the scope of cases of contested elections are intrusted to the civil courts, and must be in accordance with their own construction of the controlling constitutional and statutory provisions." State v. Schwarz; Griffin v. Tucker, supra. It would seem, therefore, that the decision of the Court of Criminal Appeals in the Heyman Case, and others based upon it, is no longer authority upon the points decided, but that in the future the construction placed upon the constitutional provision and the statute under discussion by the Courts of Civil Appeals, which in contested election cases, such as this, has final jurisdiction (R. S. 1911, art. 1591) must control.

Holding, as we do, that the election is void because held more than 30 days after the order of the commissioners' court was made, the judgment of the court below must be affirmed, and it has been so ordered.

Affirmed.