### EX PARTE R. T. SPRINGFIELD.

*No. 6581.   Decided June 1.*

**Habeas Corpus—Practice—Jurisdiction—Case Stated.**—Pending indictment for murder committed in Waller County the relator sued out a writ of habeas corpus, upon the hearing of which he was remanded without bail. Indictment was then presented against him and the same is now pending on change of venue in the Criminal District Court of Harris County. The writ in this instance, based upon newly discovered evidence, was sued out before the judge of the Criminal District Court of said Harris County, and was made returnable to and was heard by him, and bail was again refused. *Held,* that the writ was properly awarded, but should have been made returnable to and should have been heard by the judge of the District Court of Waller County under the provisions of article 137 of the Code of Criminal Procedure, which requires that *after* indictment has been found a writ of habeas corpus in the case must be ordered returned for hearing to the county wherein the offense was committed. Note the distinction between this and Walker's case, 3 Texas Court of Appeals, 668.

HABEAS CORPUS on appeal from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

The opinion sufficiently discloses the case.

*Hutcheson, Carrington & Sears,* for the relator.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—The relator was indicted for murder by the grand jury of Waller County and the venue was changed to Harris County, where the case is now pending. Before this writ in the case now before us was issued the case had been heard and the relator refused bail. The present writ was issued by the Hon. Charles L. Cleveland, judge of the Criminal District Court of Harris County, the application for the writ being based upon newly discovered evidence. The writ was made returnable to and was heard by the Criminal District Court of Harris County. The relator was again refused bail, and he appeals.

The learned judge properly granted the writ, but erred in making the

same returnable to Harris County. The statute (Code Crim. Proc., art. 137) provides that after indictment found the writ must be made returnable in the county wherein the offense was committed. The writ in this case should have been returnable before the District Court or the district judge of Waller County. Ex Parte Trader, 24 Texas Ct. App., 393.

In all probability the judge granting the writ was misled by the decision in the case of Walker v. The State, 3 Texas Court of Appeals, 668. The rule announced in that case does not apply to cases like the one before us, which is a hearing upon the facts. In the Walker case the application for bail was made on the sole ground that the prisoner had demanded a trial and the State had been granted more than one continuance. The hearing on that application did not involve an inquiry as to the facts of the homicide. The applicant, as matter of law, was entitled to bail if the record before the court where the cause was then pending agreed with the facts stated in the application. A simple order of the court, either on motion or in granting the continuance to the State, would have sufficed to dispose of the matter of bail as the case and the record then stood. This case now before us involves an inquiry into the very facts of the homicide, and the statute is imperative that the inquiry be made in the county where the offense was committed and where presumably the evidence exists and can be more readily obtained.

The judgment refusing bail will be set aside and the writ will be made returnable before the honorable district judge of Waller County, who will designate the time of the hearing, and make such orders as to notice and witnesses as will secure a speedy hearing.

*Ordered accordingly.*

Judges all present and concurring.