### R. T. IRVINGTON V. THE STATE.

No. 2918.   Decided February 10, 1904.

**Jail Delivery—What Constitutes Jail.**
    Where the structure was used as a jail or calaboose and the prisoner was confined therein for a violation of the law, the person forcing the door and releasing the prisoner therefrom is guilty of an offense under the statute, whether the jail belonged to the county or was in an incorporated town.

Appeal from the District Court of Wood.   Tried below before Hon. R. W. Simpson.

Appeal from a conviction for breaking into jail and rescuing a prisoner; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No briefs on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for breaking into jail and rescuing a prisoner. The name of the prisoner was Hugh J. Russell, and he had been placed in jail for disturbing the peace. Appellant and Russell had gone to a religious meeting, when appellant became boisterous, and for this reason was arrested and put in jail for the night. Appellant forced the door open and released Russell. The indictment sufficiently charges the offense, and the evidence supports the conviction.

Appellant requested a charge to the effect that if the jail was not in an incorporated town, and that it was situated on Dr. Smith's land, and built by private subscription, the same did not belong to Wood County; therefore, if the jury believed these facts, the house broken into was not in contemplation of law a jail. This charge was properly refused. It was not necessary that the town should be incorporated to constitute the structure a jail, nor was it necessary that it should be the property of Wood County under our statute. It was used as a jail or calaboose; and when that is the case, and the prisoner is confined for a violation of the law, it is under the protection of the statute. We find no error in the record. The judgment is affirmed.

*Affirmed.*