A. G. BOARD ET AL. V. A. W. BUCHANAN ET AL.

Decided June 20, 1904.

**1.—Local Option Election—Political Subdivisions.**

The statute empowering the commissioners court to order a local option election to be held in a territory which is less than the whole county and includes more than one of the political subdivisions of the county is in contravention of article 16, section 20, of the State Constitution.

**2.—Same—Election Precincts.**

The combination for election purposes of precincts in which prohibition is in force, with those in which it does not prevail (the entire territory being less than the whole county) is forbidden by the Constitution.

Appeal from the District Court of Brazos. Tried below before Hon. J. C. Scott.

*Hume & Hume, Doremus & Butler,* and *Astin & Bethea,* for appellants.

*V. B. Hudson, H. L. Borden,* and *Andrews, Ball & Streetman,* for appellees.

GILL, ASSOCIATE JUSTICE.—This action was instituted in the District Court of Brazos County by A. W. Buchanan, T. A. Searcy and J. G. Minkert in the name of the State for themselves and all other signers of a petition for a local option election. Its purpose was to compel the Commissioners Court of Brazos County to order an election to be held in seven of the eight justice precincts in the county to determine whether the sale of intoxicating liquors should be prohibited in the territory described, and to that end mandamus was prayed for. On a hearing of the application the trial court ordered the writ to issue as prayed for, and three members of the Commissioners Court have appealed.

The following facts were alleged by the applicants and shown to be true: A. G. Board, P. H. Arrington, Dennis Ballard, W. L. Edge and R. J. Doans composed the Commissioners Court of Brazos County. On the 10th day of August, 1903, applicants presented to the court a petition signed by them and other qualified signers amounting in number to 179, praying the court to order an election for the purpose above named in the territory described in the petition as constituting a subdivision of Brazos County. The territory was described by metes and bounds and included all the justice precincts in the county except precinct No. 5. The incorporated city of Bryan was included. Prohibition was already in effect in precincts 3 and 6 under elections duly and legally held therein respectively.

The county had many years ago been duly subdivided into eight justice precincts and these subdivisions were existent at the time of the presentation of the petition, but the territory described in the petition

for the purposes of the proposed election has never been designated by the Commissioners Court for the purposes of a local option election.

The number of qualified voters signing the petition was not less than one-tenth in number of the total vote cast for Governor at the next preceding general election held in the city of Bryan. One hundred and twenty-nine of the qualified signers resided in the justice precinct in which the city of Bryan was situate and eighty resided within the corporate limits of the city, the latter being less than 10 per cent of the city's last vote for Governor.

Prohibition is not in force in the entire county, no election ever having been held for that purpose. No election for the purpose has been held in the territory described in the petition within two years next preceding the presentation of the petition to the Commissioners Court except in precincts 3 and 6 as above shown. On August 18, 1905, the Commissioners Court being in regular session considered the petition and rejected it on the ground that it did not comply with the requirements of the statute. The order of rejection disclosed the reason stated. Three of the commissioners, constituting a majority of the court, voted to reject it and two voted to allow it. The majority only resisted the application for mandamus and are appellants here.

In disposing of this appeal we find it necessary to notice only two objections to the judgment rendered. These were urged by exception to the petition as well as upon the evidence and are as follows:

1. The statute empowering the commissioners court to order a local option election to be held in a territory which is less than the whole county and includes more than one of the political subdivisions of the county is in contravention of article 16, section 20 of the State Constitution.

2. The combination for election purposes of precincts in which prohibition is in force with those in which it does not prevail (the entire territory being less than the whole county) is forbidden by the Constitution.

Each of these propositions is directly sustained by the Court of Criminal Appeals in Ex parte Heyman, 45 Texas Crim. Rep., ——. In that case the questions are squarely decided after an exhaustive review of the authorities. Notwithstanding the able dissenting opinion of Judge Brooks, we are inclined to follow the majority opinion. The reasoning accords with our views, and our respect for the learning and ability of that court induces us to accept it as authority on the question. There is another consideration which induces us to resolve any vague doubts in favor of its soundness. Prohibition must be enforced by prosecution. Such cases reach the Court of Criminal Appeals as a court of last resort. It is true questions arise out of efforts to adopt the law which must be adjudicated through the civil courts as in the case before us, but at last if the decision cited, whether sound or unsound, is adhered to, the proposed election would be practically a nullity. Aside from

these considerations, however, the conclusion reached in that case has our approval.

We shall not undertake to add anything to what Judge Henderson said upon the questions or indulge in a further review of the authorities.

Because we are of opinion the Commissioners Court were without power to order the election as prayed for, the judgment of the trial court is reversed and judgment here rendered for appellants.

*Reversed and rendered.*