Commissioners Court of Nolan County v. J. H. Beall et al.

No. 1340.   Decided June 20, 1904.

**1.—Prohibition—Local Option Law Election.**

Under the Constitution (art. 16, sec. 20, amendment of 1891) and laws (Rev. Stats., art. 3384) the commissioners court had no legal right to order an election on the prohibition of sale of intoxicating liquors under the local option law in a subdivision of a county composed of two commissioners precincts. Following Ex parte Heyman, 2 Texas Law Journal, 629; Ex parte Mills, 3 Texas Law Journal, 876. (P. 110.)

**2.—Criminal Law—Local Option.**

The local option law of the State, depending for its enforcement wholly upon penal sanctions, is a part of its criminal rather than of its civil laws. (P. 108.)

**3.—Courts—Supreme and Criminal Appeals.**

The Court of Criminal Appeals being the tribunal of last resort in criminal matters, the Supreme Court will respect its decisions as final in questions as to criminal law and effect of penal statutes which it may be necessary to determine in a civil action. (Pp. 108, 109.)

**4.—Same—Conflict Between Courts.**

Where both penal liabilities and civil rights depend on the validity of a statute, it seems there is no provision against possible conflict between the courts of last resort. Brown v. City of Galveston, 97 Texas, 1, discussed. (P. 109.)

**5.—Mandamus—Where Ineffectual.**

It is questioned whether writ of mandamus should be issued to put in force a local penal law which the criminal courts have held can not be constitutionally enforced. (P. 110.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Nolan County.

*Ragland & Crane*, for appellant.—There is no authority under the Constitution, by even giving a sufficient description by metes and bounds of the territory sought to be affected or combined for local option pur-

poses, for the combining of two commissioners' precincts in a county for local option purposes. Ex parte Heyman, 78 S. W. Rep., 349; Ex parte Wells, 78 S. W. Rep., 928.

If the Commissioners Court of Nolan County had refused to proceed to do its duties under the statute after the returns of the election had been made, mandamus might have been a proper remedy to compel that court to proceed to action, but it can not under the law undertake to tell inferior tribunals what kind of action it must take in a matter involving the performance of duties placed upon them by the law. Batts' Stats., art. 3390, chap. 41; Spelling on Injunc. and Other Ex. Rem., 2 ed., chap 3, sec. 111; 13 Enc. of Pl. and Prac., 532; State v Morris, 86 Texas, 226; 19 Am. and Eng. Enc. of Law, 732; Arberry v. Beavers, 6 Texas, 467.

The combination of two commissioners' precincts for local option purposes, if authorized at all, is only authorized where it is an original election, and can only then be done by the description thereof, as one subdivision of the county, giving the metes and bounds of such combined territory. But the combination of such territory is not authorized at all under the Constitution. Batts' Stats., arts. 3384, 3393-3395; Ex parte Wells, 78 S. W. Rep., 928; Ex parte Mills, 79 S. W. Rep., 555; Ex parte Mitchell, 79 S. W. Rep., 558; Williams' case, 35 Texas Crim. Rep., 75; Efird v. State, 44 Texas Crim. Rep., 447; Holden v. State, 55 S. W. Rep., 337; Martin v. Mitchell, 7 Texas Ct. Rep., 716; Ex parte Waits, 64 S. W. Rep., 254; Ex parte Elliott, 7 Texas Ct. Rep., 60; Ex parte Heyman, 78 S. W. Rep., 349. .

The inclusion of territory that has already adopted local option for itself in an election ordered for a territory less than the entire county, will render void the election for the territory in which such an local option precinct is included. Sayles' Stats., art. 3236; Constitution, art. 16, sec. 20 (prior to amendment of 1891); Ex parte Elliott, 7 Texas Ct. Rep., 60; Dawson v. State, 25 Texas Crim. App., 670; Aaron v. State, 34 Texas Crim. App., 103; Adams v. Kelly, 17 Texas Civ. App., 479; Oxford case, 70 S. W. Rep., 426; Ex parte Heyman, 78 S. W. Rep., 349; Ex parte Wells, 78 S. W. Rep., 928; Ex parte Mills, 79 S. W. Rep., 555; Ex parte Mitchell, 79 S. W. Rep., 558.

The duties of a commissioners court as a returning board to canvass the vote and declare the results of a prohibition election are ministerial only, and such board failing to perform such duties as directed by law, a mandamus will lie to compel such performance. Rev. Stats., art. 3390; Lipari v. State, 19 Texas Crim. App., 434; Irish v. State, 25 S. W. Rep., 633; People v. Board of Canvassers, 126 N. Y., 392; Adams v. Kelley, 17 Texas Civ. App., 479; Patton v. People, 63 Ill. App., 617; People v. Hillard, 29 Ill., 413; Martin v. Mitchell, 7 Texas Ct. Rep., 716; McCoy v. State (Del., 1897), 36 Atl. Rep., 81; Sweeny v. Webb., 8 Texas Ct. Rep., 397; Kimberley v. Morris, 87 Texas, 637.

Article 3384, authorizing the commissioners court to order an election

for two or more commissioners precincts for local option purposes, is constitutional.

The constitutionality of the statute authorizing the commissioners court to order a prohibition election for a territory comprising two commissioners precincts was not raised in the lower court, and the court did not pass upon that issue. Hopson v. Murphy, 1 Texas, 314; 8 Am. and Eng. Enc. of Law, 800, subdiv. 4; Houston & T. C. Ry. Co. v. Harry, 63 Texas, 256.

Though local option law was in force in justice precinct No. 5, which was wholly within commissioners' precinct No. 1, said justice precinct was properly included within the territory for which the election was ordered and held and said election was not vitiated thereby. The fact of justice precinct No. 5 having adopted local option, constituted no defense in appellants' behalf; they could not legally interpose such a defense to appellees' cause of action, and the court erred in overruling appellees' exceptions to that part of appellants' answer raising such an issue; also in overruling appellees' objections to their introduction of evidence in support of such issue. Sayles' Stats., art. 3384; Kidd v. Truett, 5 Texas Ct. Rep., 70; Stamfield v. State, 83 Texas, 317; Johnson v. Martin, 75 Texas, 33; Oxford v. Frank, 5 Texas Ct. Rep., 941; dissenting opinion, Ex parte Heyman, 9 Texas Ct. Rep., 149; 10 Am. and Eng. Enc. of Law, 2 ed., 746; People v. Hilliard, 29 Ill., 413; Rice v. Stevens, 25 Kan., 302; Bacon v. York County, 26 Me., 491.

*Beall & Beall,* for appellees.

GAINES, Chief Justice.—This case comes to us upon a certified question from the Court of Civil Appeals for the Second Supreme Judicial District. The statement and question are as follows:

"Upon legal petition therefor, the Commissioners Court of Nolan County, Texas, on the 9th day of October, 1903, ordered an election to be held within a subdivision of said county composed of commissioners' precincts Nos. 1 and 2, for the purpose of determining whether or not the sale of intoxicating liquors should be prohibited within said district. The election was duly held as ordered, the returns thereof made to the proper officers, and the Commissioners Court met as provided by law for the purpose of canvassing the returns of said election and declaring the result. The votes cast in commissioner's precinct No. 1 were against prohibition, while in commissioner's precinct No. 2 the majority was in favor of prohibition. The result of the election, counting the votes as a whole, gave a majority in favor of prohibition of six votes for the entire territory for which the election had been prayed for and ordered. The Commissioners Court, however, refused to so declare the result, and this suit was instituted on the 14th day of November, 1903, by J. H. Beall and 178 others, who join in a petition setting forth all of the facts relied upon and praying for the issuance of a writ of mandamus commanding the county judge and members of the Commissioners Court.

of Nolan County to declare the aggregate result of the election as stated, and to issue the necessary orders for publication, etc., to carry the prohibitory law into effect. The county judge and commissioners answered, and set up, among other things, the following undisputed facts: That the election in commissioners' precincts Nos. 1 and 2 on October 31, 1903, was within two years from the time when a general election had been held for the entire county, at which prohibition failed to carry; that commissioner's precinct No. 1 was comprised in part of justice precinct No. 5, which participated in said election of October 31, and voted 86 ballots, of which 57 were for prohibition and 29 against; that Sweetwater, the only other voting box in said commissioner's precinct No. 1 voted 197 ballots, of which 77 were for prohibition, and 120 against; thus giving a net anti-prohibition majority of 15 in said commissioner's precinct No. 1. That said justice precinct No. 5 had legally adopted local option for itself in May, 1893, and that prohibition had been legally enforced therein ever since that time. It further appears that the petitioners for the mandamus prayed for were also petitioners for the local option election in October, 1903, and legal voters therein. The petition described the territory within which it was desired that the election should be held as commissioners' precincts Nos. 1 and 2, and also described each of said precincts by distinctly separate metes and bounds, from which, however, the exterior limits of the territory comprising the two commissioners' precincts were plainly ascertainable. Upon the assembling of the Commissioners Court on November 11, 1903, to canvass the returns and declare the result of the vote of the said election in commissioners' precincts 1 and 2, the returns were canvassed and the Commissioners Court declared that prohibition had failed to carry in commissioner's precinct No. 1, but had carried in precinct No. 2, and orders to such effect were entered upon the minutes and publication thereof had been partially made at the time of the institution of this suit.

"Upon the trial below the district judge awarded a peremptory writ of mandamus as prayed for, and the cause is now pending before us on appeal.

"The material questions presented to us upon this appeal are, first, whether under section 20 of article 16 of the Constitution of 1876, as amended in 1891, and amended article 3384 of the Revised Civil Statutes of Texas, the Commissioners Court of Nolan County, under the circumstances stated, were authorized to order an election as was done on October 31, 1903, for a subdivision of Nolan County composed of commissioners' precincts Nos. 1 and 2, and, if so, whether the fact that justice precinct No. 5, situated within commissioner's precinct No. 1, and having the prohibitory law in force as stated, nullifies said election of October 31, 1903?

"In view of the decision of our Court of Criminal Appeals in Ex parte Heyman, 2 Texas Law Journal, 629, 78 S. W. Rep., 349, and Ex parte Mills, 3 Texas Law Journal, 876, 10 Texas Ct. Rep., 23, and of

the decision of the Court of Civil Appeals for the Fifth District in the case of Kidd v. Truett, 5 Texas Ct. Rep., 70, and of other cases cited in the decisions named, and in the briefs of the parties herein, we deem it advisable to certify to your honors the questions above indicated for determination."

We are of opinion that the questions certified belong to a class which fall within the peculiar jurisdiction of the Court of Criminal Appeals and in which this court should follow the decisions of that court. Every law must have its sanction; that is to say, its means of enforcement. Without such it can hardly be deemed a law. 2 Bouv. Law Dict., Rawle's ed., p. 145. The author cited says: "Sanctions are of two kinds, those which redress civil injuries, called civil sanctions, and those which punish crimes, called penal sanctions." Id., 953. The local option laws of this State depend wholly for their enforcement upon the infliction of the penalties prescribed by the statute through the procedure provided for that purpose by our Code of Criminal Procedure. The prosecutions thereunder must be instituted and tried in the courts having criminal jurisdiction. Therefore we are of opinion that our local option statutes are strictly and essentially criminal laws, and as such primarily subject to the decisions of the criminal courts as to their validity and construction. Appeals lie in criminal cases to the Court of Criminal Appeals as the court of last resort. Their decisions are final upon the questions determined by them, and settle the law in purely criminal matters at least as to all inferior courts over which they exercise appellate jurisdiction. In like manner, the decision of the Supreme Court is final and authoritative over questions not involving the criminal laws. Such is the constitutional prerogative of the two courts. Neither is in any manner subordinate to the other.

Yet there are criminal cases which may incidentally involve a question of civil law, and civil cases in which in like manner points of criminal law call for solution. For example, in a prosecution for theft, a question of the title to property may be raised; so in a suit to recover damages for false imprisonment, a question may arise as to the right to make an arrest under the provisions of our Code of Criminal Procedure, which is a question of criminal law.

Such being the jurisdiction of the two courts of last resort, and since under the rule of the common law the decisions of such courts are authoritative and controlling upon other courts, it occurs to us that when the amended judiciary article of our Constitution was framed and adopted—separating as it does the jurisdiction of the two courts of final resort by giving to the one jurisdiction of criminal cases only and to the other civil jurisdiction alone—it was not contemplated that there would result a conflict of decision in the two courts which there was no provision for reconciling. On the contrary, we are of opinion that it was considered, that, upon questions of criminal law which might arise in the Supreme Court, that court would bow to the decisions of the Court of Criminal Appeals, and that, upon those of civil law, the latter

would accept the rulings of the Supreme Court. We think we may safely say that it has been the rule of this court, ever since the adoption of that amendment, to follow the construction placed upon the statutes embraced in our Penal Code and Code of Criminal Procedure by the Court of Criminal Appeals. The rule was followed in the case of Green v. Southard, 94 Texas, 470. In the opinion in that case we said: "This being the construction placed upon a criminal statute by the court of last resort in criminal cases, the rule is binding authority upon us and disposes of the question so far as it is affected by the irregularity of the license."

If we be correct in these views, then, in ordinary cases, there could be no conflict between the Court of Criminal Appeals and the Supreme Court—it being the duty of the latter to follow the former on questions of criminal law, and the corresponding duty of the former to follow the latter upon questions of civil law. So far harmony of decision was secured. But unfortunately there is a class of cases in which this rule can not be applied. For example, the Legislature may pass a statute which both confers civil rights and declares offenses punishable in the criminal courts, the validity of which as a whole may be questioned. Unler such a law both a civil action may be brought or a criminal prosecution instituted. The question of the validity of the act is peculiar to neither jurisdiction. Under it, if valid, there are not only civil rights to be protected, but also criminal offenses to be prosecuted. Upon the question of the validity of the act neither court should be bound by the decision of the other. Such was the act, the validity of which was passed upon by this court in the case of Brown v. City of Galveston, 97 Texas, 1, 7 Texas Ct. Rep., 758. In that case we were called upon to determine the right of the city government of the city of Galveston to maintain itself under the act in question; and not considering this court bound by the decision of the Court of Criminal Appeals in the case of Ex parte Lewis, 73 S. W. Rep., 811, we declined to follow it. No more do we think that the Court of Criminal Appeals were bound by our decision upon that question. Therefore as to that class of cases there may be conflict between the decisions of the two courts; and there is no provision in the Constitution for settling the law in such cases and enforcing harmony of decision. So it must remain until the Constitution is amended.

It would seem, that, if this conflict had been foreseen by the framers of the amendment, some provision would have been made for it; though it may have been thought that the occasions upon which such conflict would arise would be so rare as not to justify the creation of another tribunal merely to settle the law. However that may be, we think it a reasonable deduction from the establishment of two courts of final resort, one for criminal and the other for civil cases, that it was contemplated that the decisions of each upon the questions pertaining peculiarly to its own jurisdiction should be authoritative and controlling upon all other courts. Let us take the Court of Criminal Appeals for example. What

was more reasonable to conclude than that the court would be composed of lawyers, not only learned in the law, but especially versed in the jurisprudence of its criminal branch and of great experience in the criminal courts, and that by reason of this fact and of the duty devolved upon them to determine, with rare exceptions, questions of criminal law only, their decision upon such questions would be entitled to more weight than that of a court of civil jurisdiction only.

The case in which these questions have been certified serves to illustrate the impolicy of our determining the points certified as original questions. The Court of Criminal Appeals have distinctly ruled in the cases referred to in the certificate from the Court of Civil Appeals, that the special provision of the statute under which the local option election in question was held was invalid. It is clearly the duty of the other criminal courts of the State to follow those decisions; and therefore their effect is to render the provision referred to a dead letter. The questions certified seem to us therefore to be very much of the nature of moot questions, and suggest the inquiry whether, even should we disagree with the Court of Criminal Appeals and should feel at liberty to disregard their rulings, a writ of mandamus should be granted when it can accomplish no good.

Upon the authority of the rulings of the Court of Criminal Appeals we answer the first question in the negative.