## D. J. ANDERSON v. THE STATE.

### No. 3327. Decided January 31, 1906.

**Local Option—Constitutional Law—School Districts.**

Where upon an appeal from a conviction of violating the local option law the record showed that the commissioners court ordered a local option election in a portion of a justice precinct which embraced five school districts, such election was void and the conviction could not be sustained. Following: Ex parte Heyman, 45 Texas Crim. Rep., 532.

Appeal from the County Court of Navarro. Tried below before Hon. C. L. Jester.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. W. Ballew,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. On February 15, 1900, the commissioners court ordered an election in a portion of justice precinct number 6 of Navarro County. This subdivision of said justice precinct embraces five school districts. The contention is that under this order of the court the election was void, because school districts could not be combined. This contention is correct. Ex parte Heyman, 45 Texas Crim. Rep., 532, 78 S. W. Rep., 349, 9 Texas Ct. Rep., 140; Ex parte Mills, 79 S. W. Rep., 555; Ex parte Mitchell, 79 S. W. Rep., 558; Ex parte Wells, 78 S. W. Rep., 928; Board v. Buchanan, 82 S. W. Rep., 194, 10 Texas Ct. Rep., 652; Nolan Co. v. Beall, 81 S. W. Rep., 526, 10 Texas Ct. Rep., 526. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*