D. W. STAKES ET AL V. HONORABLE MAX M. ROGERS ET AL.

No. 8023. Decided October 14, 1942.
(165 S. W., 2d Series, 81.)

*Gerald C. Mann,* Attorney General, *Benjamin Woodall, Ocie Speer, R. W. Fairchild,* and *W. R. Allen,* Assistants Attorney General, for relator.

*Gordon Burns,* of Huntsville, *Looney & Clark,* and *Everett L. Looney,* all of Austin, for respondent Otis Mize, and *Crow & Chessher,* of Groveton, for respondent Max M. Rogers.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an application for a writ of mandamus filed in this Court as an original proceeding. Otis Mize was convicted of a felony in each of seven counties, his sentence being two years in some cases and four years in others. Presumably all of these judgments ran concurrently. Some time thereafter he was convicted in Armstrong County and given a sentence of two years, the judgment in that case providing that the sentence should be "cumulative to all other penalties anywhere assessed against said defendant." After having served in the penitentiary for a period of four years, Mize applied to the Hon. Max M. Rogers, District Judge of Walker County, the county in which he was confirmed in the penitentiary, for a writ of habeas corpus. It was his contention that so much of the judgment in the Armstrong County case as undertook to make the sentence in that case cumulative of the sentences in the other cases was void for uncertainty and indefiniteness, and since he had served at least four years in the penitentiary, he was entitled to his discharge. The writ was granted, and the case was set for hearing. D. W. Stakes, General Manager of the penitentiary, the respondent in the habeas corpus proceeding, answered that he was holding the accused under and by virtue of the Armstrong County judgment, which had not been fully satisfied, and requested that the writ be returned to the District Court of Armstrong County for hearing. The district judge overruled the motion to transfer the hearing to Armstrong County, and he is now preparing to hear the case on its merits. The respondent in the habeas corpus case has applied to this Court for a writ of mandamus to compel said district judge to transfer the hearing on the writ of habeas corpus to Armstrong County.

■ In the outset, the respondent herein, Otis Mize, challenges the jurisdiction of this Court to issue the writ of mandamus prayed for in this case, because the habeas corpus case sought to be controlled by mandamus is a criminal, and not a civil, proceeding. We are not in accord with this view. A writ of mandamus will lie to correct the action of a trial judge where he acts in abuse of his discretion, or in violation of his clear

duty under the law, and there is no adequate remedy by appeal. Terrell v. Green, 88 Texas 539, 31 S. W. 631; Thomason v. Seale, 122 Texas 160, 53 S. W. (2d) 764. This power has been exercised in criminal as well as in civil proceedings. State of Texas v. Anderson, 119 Texas 110, 26 S. W. (2d) 174, 69 A. L. R. 233; State ex rel Moreau v. Bond, 114 Texas 468, 271 S. W. 379. See also Burgemeister v. Anderson, 113 Texas 495, 259 S. W. 1078. We overrule this contention.

The next question to be determined is whether the judge acted in clear violation of his duty under the law in refusing to transfer the hearing on the habeas corpus case to ¡Armstrong County.

The Code of Criminal Procedure Articles 117, 118, and 119 read as follows:

"Art. 117. The Court of Criminal Appeals, the district courts, the county courts, or any judge of said courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper application, to grant the writ under the rules prescribed by law."

"Art. 118. Before indictment found, the writ may be made returnable to any county in the State."

"Art. 119. After indictment found, the writ must be made returnable in the county where the offense has been committed, on account of which the applicant stands indicted."

■ Under the provisions of the above-mentioned Article 119 it is well settled that where a writ of habeas corpus is granted after indictment, but before trial, it is the duty of the judge granting the writ, upon proper showing and request, to make same returnable to the judge of the county where the offense covered by the indictment was committed. Ex parte Trader, 24 Texas Cr. App. 393, 6 S. W. 533; Ex parte Springfield, 28 Texas Cr. App. 27, 11 S. W. 677.

In Ex parte Patterson, 139 Texas Cr. Rep. 489, 141 S. W. (2d) 319, the Court of Criminal Appeals held that the same rule applied after, as well as before, conviction, and that where a writ of habeas corpus was granted, and it appeared that the relator was being held under a judgment of conviction in a felony case, it was the duty of the judge granting the writ to

transfer the hearing to the county where the offense was committed. It has long been the inclination of this Court to follow the prior decisions of the Court of Criminal Appeals in the construction of the criminal laws of this State. 11 Tex. Jur. 853; Commissioners' Court of Nolan County v. Beall, 98 Texas 104, 81 S. W. 526; State v. Savage, 105 Texas 467, 151 S. W. 530; State v. Schwarz, 103 Texas 119, 124 S. W. 420; May v. Finley, 91 Texas 352, 43 S. W. 257.

Accordingly, and in keeping with the holding of the Court of Criminal Appeals in the Patterson case, we hold that where a judge grants a writ of habeas corpus, and it is afterwards timely and properly made known to him, either by the respondent's return or otherwise, that the relator has been indicted in another county, and is being held under and by virtue of a judgment of conviction growing out of such indictment, and a proper and timely request is made to have the hearing on the writ transferred to the county where the offense was committed, it is the duty of the judge who granted the writ to so transfer the hearing.

The question of the validity, or invalidity, of the order in the Armstrong County case, seeking to make the sentence in that case cumulative of the sentences in the other cases, is not before us, and for that reason we express no opinion on that question.

The writ of mandamus will be granted as prayed for.
Opinion delivered October 14, 1942.