STATE of Texas ex rel. John F. PETTIT,
Relator,

v.

George M. THURMOND, Judge, Respondent.

No. B–4773.

Supreme Court of Texas.

Nov. 27, 1974.

John F. Pettit, for relator.

Joe Slator Petsch, Del Rio, for respondent.

GREENHILL, Chief Justice.

This is an original mandamus proceeding. John F. Pettit, District Attorney for the 63rd Judicial District, Val Verde County, seeks our mandate directing George M. Thurmond, Judge of the 63rd Judicial District of Val Verde County to vacate an order sentencing two convicted defendants under a statute which became effective after their conviction and to impose sentences in accordance with the statutes governing their offenses at the time of their trial. The District Attorney also seeks an order directing Judge Thurmond to refrain from further action in this matter except to enforce the mandate of this court.

The defendants, Rodney Glenn Doty and Bryan Lee Graham, were convicted of possession of marijuana on February 19, 1973. Under the law then in effect, Article 725b of our Penal Code, this offense was a felony for which the penalty was imprisonment for not less than two years nor more than life.[1] Their punishment was assessed at two years imprisonment; however, on March 16, 1973, their sentences were suspended and they were placed on probation for two years. Except as noted hereafter, Article 725b was repealed on August 27, 1973, when the Texas Controlled Substances Act became effective. This act is codified among our civil statutes, Article 4476–15.[2]

On December 6, 1973, the defendants' probations were revoked; and December 18, 1973, was set as the date for their sentencing. Both defendants then filed a motion for resentencing under Section 6.01 of the Texas Controlled Substances Act. At the sentencing proceedings, Judge Thurmond found them qualified for resentencing under Section 6.01. He then set aside the judgments of guilty of their felony offenses and entered judgments of guilty and punishments for Class A misdemeanors pursuant to Sections 4.05(b)(1) and 4.01(c) of that act. Each defendant was then assessed six months imprisonment and fined $500.

The State, through its District Attorney, John F. Pettit, our relator, duly excepted and gave notice of intent to secure an appropriate writ or remedy. The Court of Criminal Appeals granted the District Attorney leave to file an application for writ of prohibition on March 19, 1974. On May 29, 1974, however, that court withdrew its leave to file that motion. It held that the grant was improvident.

Section 26 of Article V of the Texas Constitution Vernon's Ann.St. denies the State the right to appeal in criminal cases.

---

1. References to the Penal Code are to Vernon's Texas Codes Annotated, Penal Code, Article 725b.

2. References to civil statutes are to Vernon's Texas Civil Statutes Annotated.

Having no other remedy available, the District Attorney has invoked the jurisdiction of this court to issue this writ of mandamus. Section 3 of Article V of the Texas Constitution authorizes the Legislature to confer original jurisdiction on the Supreme Court to issue writs of mandamus in certain cases; and Article 1733 of our civil statutes was enacted pursuant to this provision. This article authorizes this court to issue writs of mandamus agreeable to the principles of law regulating such writs against any district judge.

█ The development of the principles of law governing our exercise of the power to issue such writs has been extensively examined in Pope v. Ferguson, 445 S.W.2d 950 (Tex.1969). Except in rare instances, we will not issue a writ to control or correct rulings or judgments on motions or pleas which are mere incidents in the normal trial process when there is an adequate remedy by appeal for correction of any erroneous ruling or judgment. Pope v. Ferguson, cited just above; Shamrock Fuel and Oil Sales Co. v. Tunks, 416 S.W.2d 779 (Tex.1967); Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449 (1962); Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1 (1958); Ewing v. Cohen, 63 Tex. 482 (1885); Little v. Morris, 10 Tex. 263 (1853). But this court will issue a writ of mandamus directing a district judge to enter or to set aside a particular judgment or order when the directed course of action is the only proper course, and the petitioner has no other adequate remedy. Pope v. Ferguson, supra; Maresca v. Marks, 362 S.W.2d 299 (Tex.1962); Wallace v. Briggs, 162 Tex. 485, 348 S.W. 2d 523 (1961); Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959); Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632 (1946); Thomason v. Seale, 122 Tex. 160, 53 S.W.2d 764 (1932); Yett v. Cook, 115 Tex. 175, 268 S.W. 715 (1925), 281 S.W. 843 (1926). Our jurisdiction to issue writs of mandamus to district judges extends to criminal cases as well. Pope v. Ferguson,

supra; Stakes v. Rogers, 139 Tex. 650, 165 S.W.2d 81 (1942). In issuing writs to judges in criminal cases, however, as a matter of comity we operate within the procedural framework of the Texas Code of Criminal Procedure as interpreted by the Court of Criminal Appeals. Pope v. Ferguson, supra; Commissioners' Court of Nolan County v. Beall, 98 Tex. 104, 81 S. W. 526 (1904).

█ The relator, the District Attorney, has no other remedy. The issue before us is, therefore, whether Judge Thurmond acted in clear violation of his duty under the law. Pope v. Ferguson, supra; Stakes v. Rogers, supra.

█ Doty and Graham petitioned Judge Thurmond to resentence them pursuant to Section 6.01(c) of the Texas Controlled Substances Act. This section states:

In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act.

This section was held to be unconstitutional insofar as it relates to criminal actions pending on appeal on its effective date. Ex Parte Giles, 502 S.W.2d 774 (Tex.Cr.App.1973). The Court of Criminal Appeals based its decision on the ground that, sentence having been imposed, a resentencing to a less severe punishment would amount to a commutation of sentence which is exclusively a prerogative of the Governor under the Texas Constitution. As this statute concerns a matter peculiarly within the jurisdiction of the Court of Criminal Appeals, we feel constrained to follow its decision; and we do not, therefore, reopen the question. Pope v. Ferguson, supra; Texas & Pacific Railway Co. v. Mahaffey, 98 Tex. 392, 84 S.W. 646 (1905); Commissioners' Court of No-

lan County v. Beall, supra; Green v. Southard, 94 Tex. 470, 61 S.W. 705 (1901).

■ Counsel for Judge Thurmond would distinguish Ex Parte Giles, however, as dealing with a case in which an appeal was pending. Neither Doty nor Graham perfected an appeal from their convictions. Section 6.01(c) permits a defendant adjudged guilty to be punished under the new statute when the offense was committed before the effective date of such statute in three situations: (1) in criminal actions commenced on or after such date; (2) in pending criminal actions; and (3) in criminal actions on appeal. Thus counsel for Judge Thurmond contends that the actions against Doty and Graham were pending criminal actions because they were serving terms of probation after their sentences had been suspended.

This question was recently decided adversely to Judge Thurmond's position by the Court of Criminal Appeals in Burson v. State, 511 S.W.2d 948 (Tex.Cr.App.1974). There, the Court of Criminal Appeals held that once probation is granted, the case is no longer "pending" as that term is used in Section 6.01. This decision was grounded on the fact that until a defendant has been convicted, he cannot be placed on probation. See Article 42.12 of Vernon's Annotated Texas Code of Criminal Procedure. Under the principles announced above, we defer to the decision of the Court of Criminal Appeals on this matter.

It is plain that the Legislature intended to benefit persons in the defendants' position. Section 4.06(a) of the Texas Controlled Substances Act states:

Any person who has been convicted of an offense involving a substance defined as marihuana by this Act prior to the effective date of this Act may petition the court in which he was convicted for resentencing in accordance with the provisions of Section 4.05 of this Act whether he is presently serving a sentence, *is on probation* or parole, or has been discharged from the sentence. (Emphasis supplied).

This section, however, was held to be unconstitutional in Smith v. Blackwell, 500 S.W.2d 97 (Tex.Cr.App.1973) because it infringed upon the clemency powers of the governor under the Texas Constitution.

Section 6.01(a) of the Texas Controlled Substances Act provides:

Except as provided in Subsections (b) and (c) of this section, this Act applies only to offenses committed on and after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force. For purposes of this section, an offense is committed on or after the effective date of this Act if any element of the offense occurs on or after the effective date.

Since no exception is applicable in their cases, the law governing the disposition of their cases is Article 725b of our Penal Code. Under that law, the minimum penalty which they might be assessed is two years imprisonment. See Worley v. State, 485 S.W.2d 789 (Tex.Cr.App.1972). Doty and Graham were originally sentenced to this minimum term.

Article IV, Section 11A of the Texas Constitution states:

The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence under such conditions as the Legislature may prescribe.

The present act providing for suspension of the execution of a sentence in felony cases is Article 42.12 of the Texas Code of Criminal Procedure,[3] known also as the

3. Vernon's Annotated Code of Criminal Procedure.

Adult Probation and Parole Law. Section 8(a) of this act states:

> If probation is revoked, the court may proceed to dispose of the case as if there had been no probation, or if it determines that the best interests of society and the probationer would be served by a shorter term of imprisonment, reduce the term of imprisonment originally assessed to any term of imprisonment *not less than the minimum prescribed for the offense of which the probationer was convicted.* (Emphasis supplied).

We conclude, therefore, that having revoked the probation of Doty and Graham, Judge Thurmond had no discretion but to sentence each to serve two years imprisonment.

We assume that Judge Thurmond will vacate those sentences and will take such further action not inconsistent with this opinion as may be appropriate. A writ of mandamus will issue only if he does not do so.