22,785-14

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE
Gill Jarone WHITE
PRISONER - RelATOR

VS.

THE 179TH Dist. COURT
RESPONDENT (HARRIS COUNTY)

This document contains some pages that are of poor quality at the time of imaging.

TRIAL COURT # 538931-M

WRIT # 22,785-14

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 28 2015
Abel Acosta, Clerk

## PETITION FOR WRIT OF MANDAMUS

## I.

## PRELIMINARY STATEMENT

NOTICE: WHEREAS, THE PRISONER's HABEAS PETITION UNDER ARTICLE 11.07, C.C.P., WAS FILED IN THE 179TH DISTRICT COURT AT HARRIS COUNTY, TEXAS, ON July 10, 2015, IN CAUSE 538931-M AND THE TRIAL COURT THEREAFTER ADOPTED THE STATE STATE'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF law ON AUGUST 3, 2015. FURTHER, WHICH THE PRISONER'S COPY THERE-OF IS HEREBY ATTACHED TO THE INSTANT DOCUMENT (MANDAMUS) FOR THE COURT'S REVIEW. HOWEVER, THE PRISONER IS NOT SURE

IF HIS HABEAS WRIT APPLICATION HAS ARRIVED TO THIS COURT FROM THE COURT BELOW. BY ANY ACCOUNT, THE ~~PRISONER'S~~ INSTANT DOCUMENT (MANDAMUS) CAN BE SET FOR SUBMISSION WHENEVER THE PRISONER'S HABEAS WRIT ARRIVES. OR, HOWEVER THE COURT CHOOSES TO DEAL WITH IT.

## II.

THE PRISONER MAINTAINS WITHIN HIS HABEAS PETITION ~~WHEREAS~~ WHEREAS RELIEF TO THE EXTENT THAT HE BE DISCHARGED FROM THE HOSTILE PRISON ENVIRONMENT AND ORDERED TO THE CONDITIONS OF PAROLE PURSUANT TO ARTICLE 42.18, C.C.P. UNDER THE JURISDICTION OF THE BOARD OF PARDONS AND ~~PR~~ PAROLES TO COMPLETE THE REMAINDER OF HIS SENTENCE OF (75) YEARS WHICH EXPIRES ON AUGUST 14, 2064.

THE SUPERVISED RELEASE TO THE CONDITIONS OF PAROLE, IS AN ALTERNATIVE TO THE CONTINUED ~~CONF~~ CONFINEMENT THAT CURRENTLY IMPOSES AN ABNORMBLE AND SIGNIFICANT HARDSHIP ON THE PRISONER THUS AMOUNTING TO CRUEL AND UNUSUAL PUNISHMENT THAT FURTHER CREATES A LIBERTY INTERESTS. SEE: HABEAS WRIT AT 6-8 . . . . NONETHELESS, THE STATE'S REPLY INDICATES WHEREAS, A REQUEST FOR CLEMENCY IN THE FORM OF A REQUEST FOR A COMMUTATION OF SENTENCE IS THE ONLY RELIEF AVAILABLE TO THE PRISONER AND THUS ~~NOT~~ NOT BEING AVAILABLE AS A HABEAS REMEDY. HOWEVER, THE OPPOSTION IS

INCORRECT IN ITS ASSERTION, AND THE PRISONER SEEKS FOR THIS COURT TO REMAND THE PROCEEDINGS BACK TO THE COURT BELOW FOR ADDITIONAL FACT-FINDINGS AND CONCLUSIONS IN LAW. THUS TO MAKE MODIFICATIONS.

## III.

THE SUPREME COURT HAS MADE IT CLEAR, WHERE THE DEPRIVATION OF RIGHTS IS SUCH THAT IT NECESSARILY ALTERS OR IMPACTS THE CONDITIONS OF RESTRAINT OR FACT OR LENGHT OF DETENTION, THE HABEAS PETITION IS THE ONLY AVAILABLE AVENUE OF RELIEF. SEE: LEAMER VS. FAUVER, 288 F. 3d AT 540 (2002) CITING: PREISER VS. RODRIGUEZ, 93 S. CT. 1827    411 U.S. 475 (1973)

MORESO, THE RELIEF ~~ASSERT~~ SOUGHT BY THE PRISONER, CAN INDEED BE GRANTED ON HABEAS REVIEW AND CLEMENCY IN THE FORM OF COMMUTATION OF PUNISHMENT IS NOT THE ONLY ~~RELIEF~~ FORM OF RELIEF AVAILABLE TO THE PRISONER AS ~~INDI~~ INDICATED BY THE STATE AND THE COURT-BELOW. ~~FURTHER~~ FURTHERMORE, THE COURTS OF THE STATE OF TEXAS HAVING ORIGINAL JURISDICTION OF CRIMINAL ACTIONS SHALL HAVE POWER AFTER CONVICTION TO SUSPEND THE EXECUTION OF SENTENCE AND PLACE THE DEFENDANT UPON A SUPERVISED RELEASE TO REIMPOSE SUCH SENTENCE UNDER SUCH CONDITIONS AS THE LEGISLATURE MAY PRESCRIBE THUS IN RELATION TO THE ADULT

PROBATION AND PAROLE LAW PURSUANT TO ARTICLES 42.12, AND 42.18, C.C.P. SEE: PETTIT VS. THURMOND, 516 S.W. 2d AT 123 (TEX. CRIM. APP. 1974)

## IV.

FURTHERMORE, WHENEVER THE CHALLENGE ULTIMATELY ATTACKS THE CORE OF HABEAS — — THE VALIDITY OF THE CONTINUED CONVICTION, OR THE MERE FACT OF CONFINEMENT OR LENGTH OF SENTENCE — — A CHALLENGE HOWEVER REGARDLESS OF THE RELIEF RELIEF SOUGHT, MUST BE BROUGHT BY WAY OF HABEAS CORPUS PETITION. SEE: LEAMER VS. FAUVER, 288 F.3d AT 542 (3Rd CiR. 2002) THE STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, THUS IN RELATION TO A REQUEST FOR CLEMENCY IN THE FORM OF COMMUTATION OF SENTENCE THUS BEING THE ONLY FORM OF RELIEF AVAILABLE TO THE PRISONER AND NOT AVAILABLE AS A HABEAS REMEDY IS THUS INCONSISTENCE WITH MORE RELEVANT CASE-LAW RELIEF SOUGHT ON HABEAS REVIEW. SEE: 288 F.3d AT 542  93 S. CT. 1827. MORESO, BY BEING RELEASED TO THE CONDITIONS OF PAROLE, DOES NOT AT ANY WAY ALTER THE PRISONER'S CURRENT SENTENCE OF (75) YEARS WHICH EXPIRES ON August 14, 2064. THUS DATE OF HiS ARREST BEGIN ON August 14, 1989.

# V.

WHEREAS UNDER THESE PARTICULAR CIRCUMSTANCES, THE PRISONER/RELATOR SEEKS FOR THIS COURT TO REMAND THE HABEAS PROCEEDINGS TO THE CONVICTING COURT-BELOW FOR ADDITIONAL FACT-FINDINGS AND CONCLUSIONS OF LAW THAT ARE MORE CONSISTENT WITH THE HABEAS CONTENT IN RELATION TO THE COURT'S POWER TO SUSPEND THE EXECUTION OF SENTENCE THUS PLACING THE PRISONER UPON A SUPERVISED RELEASE TO REIMPOSE SUCH SENTENCE AS PRESCRIBED BY STATE legislature. SEE: PETTIT VS. THURMOND, 516 S.W. 2d AT 123 (TEX. CRIM. APP. 1974)

THE DISTRICT COURT'S CURRENT FACT-FINDINGS AND CONCLUSION OF LAW IN RELATION TO CLEMENCY IN THE FORM OF COMMUTATION BEING THE ONLY FORM OF RELIEF AVAILABE TO THE PRISONER, IS THUS INSUFFICIENT AND CANNOT BE SUSTAINED.

IN ADDITION, SEE: EX PARTE SNOW, DOCKET # 72,063 ___ S.W. 2d ___ (TEX. CRIM. APP. 1995) ___ NOT DIRECTLY ON POINT NOR CONSISTENT WITH PRIMARY CASE/ISSUE. NONETHELESS, THIS COURT DOES RETAIN JURISDICTION CONCERNING PAROLE RELATED MATTERS.

# VI.

NOTICE: NOW, IN A DIFFERENT AREA OF THE LAW, AS SET-FORTH BY ARTICLE 11.07 SEC. 4(A), THUS THE ~~STATE~~ STATE AND THE ~~COURT~~ COURT-BELOW HAS FALSELY ALLEGED THAT THE PRISONER HAS FAILED

TO INCLUDE SUFFICIENT SPECIFIC FACTS ESTABLISHING THAT THE CURRENT CLAIMS COULD NOT HAVE BEEN PRESENTED PREVIOUS-ly BECAUSE THE FACTUAL OR LEGAL BASIS FOR THE CURRENT CLAIMS UNAVAILABLE . . . HOWEVER, NOTICE AT PAGE 6 OF THE PRISONER'S CURRENT HABEAS PETITION WHEREAS, THE PRISONER CLEARLY ARTICULATES TO THE POINT IN HIS OPENING STATEMENT AT PAGE 6 OF HIS PETITION THAT THE INSTANT PETIT-ION DOES in FACT include SUFFICIENT SPECIFIC FACTS ESTABLISHING THAT THE FACTUAL OR legal BASIS OF THE CUR-RENT CLAIMS WERE WITHOUT A DOUBT UNAVAILABLE AND THUS PRE-VENTED THE PRISONER FROM ASSERTING THE INSTANT CLAIMS IN HIS FIRST/INITIAL HABEAS PETITION CHALLENGING HIS ONGOING CONVICTION IN CAUSE # 538931-A THUS SUBMITTED IN THE ~~YEAR~~ YEAR OF 1991. MORESO, BEING THE STANDARD CRITERION AS SET-FORTH By ARTICLE 11.07 SEC. 4(A), C.C.P. THUS WHEN MAKING A SUBSEQUENT HABEAS CHALLENGE TO THE SAME CON-VICTION. FURTHERMORE, THE FACT-FINDINGS AND CONCLUSIONS OF LAW IN THIS REGARD ARE UNSUBSTANTIATED AND CLEARLY ~~INCORRECT~~ INCORRECT. SEE: PRISONER'S WRIT AT PAGE 6.

SEE: ATTACHMENT

RESPECTFULLY,

Gill Jarone White

PRISONER-RELATOR
PRO SE

- P. 6 -

## VERIFICATION

I, GILL JARONE WHITE, TDCJ-ID # 538415, BEING CURRENTLY ~~CONF~~ CONFINED TO THE BILL CLEMENTS UNIT OF THE INSTITUTIONAL DIVISION FOR THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, DO HEREBY VERIFY THAT THE FOREGOING STATEMENTS AND ALLEGATIONS OF THE SAME, ARE TRUE AND CORRECT PURSUANT TO 28 U.S.C. SEC. 1746.

SIGNED ON THE 24TH DAY OF AUGUST, 2015.

x _Gill Jarone White_

GILL JARONE WHITE # ~~538415~~
                              538415
BILL CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107

F I L E D

Chris Daniel
District Clerk

JUL 2 9 2015

Time:_____

Harris County, Texas

EX PART By_____
Deputy

No. 538931-M

EX PARTE

§     IN THE 179TH DISTRICT COURT

§     OF

GILL JARONE WHITE,
Applicant

§     HARRIS COUNTY, T E X A S

## STATE'S PROPOSED FINDINGS OF
## FACT, CONCLUSIONS OF LAW AND ORDER

Having reviewed the applicant's Original Application for Writ of Habeas

Corpus in the instant proceeding, the State's answer, as well as all of the

documents filed in the applicant's initial habeas proceeding cause number 538931-

A, the Court recommends that the instant writ, cause number 538931-M, be

dismissed based on the following findings of fact and conclusions of law:

1. The applicant is confined pursuant to the judgment and sentence of the 179th District Court of Harris County, Texas, in cause number 538931 (the primary case), where the applicant was convicted by the jury on February 12, 1990, for the felony offense of aggravated robbery.

2. The court assessed the applicant's punishment, enhanced by two (2) prior convictions, at seventy-five (75) years confinement in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID).

3. The Fourteenth Court of Appeals affirmed the applicant's conviction in the primary case on February 14, 1991. *White v. State*, No. 14-90-00152-CR (Tex. App. – Houston [14th Dist.] 1991, pet. ref'd) (mem. op., not designated for publication). The Court of Criminal Appeals refused the applicant's petition for discretionary review on May 15, 1991.

4. The Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing and recommends that the instant writ, cause number 538931-M, be dismissed because the applicant has failed to include sufficient specific facts establishing that the current claims could not have been presented previously because the factual or legal basis for the claim was unavailable; or that, by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CRIM. PROC. CODE ANN. art. 11.07 § 4 (a) (West 2013).

5. Further, a request for a commutation of his sentence is not available as a habeas remedy. Executive clemency is exclusively a prerogative of the Governor under the Texas Constitution. *See* TEX. CONST. art. 4, §11(b); *State ex rel. Pettit v. Thurmond*, 516 S.W. 2d 119, 121 (Tex. Crim. App. 1974) (citing *Ex parte Giles*, 502 S.W.2d 774 (Tex. Crim. App. 1973)).

Accordingly, it is recommended to the Texas Court of Criminal Appeals that the instant application be dismissed. Alternatively, the court recommends that the applicant's ground for relief in cause number 538931-M, be denied because the relief requested is not the proper basis upon which habeas corpus relief can be granted.

## ORDER

THE CLERK IS ORDERED to prepare a transcript of all papers in cause number 538931-M and transmit same to the Court of Criminal Appeals as provided by TEX. CRIM. PROC. CODE ANN. art. 11.07 § 3. The transcript shall include certified copies of the following documents:

1. The application for writ of habeas corpus;

2. The State's answer;

3. The Court's order;

2

4. The indictment, judgment and sentence, plea papers, and docket sheets in cause number 538931 (unless they have been sent to the Texas Court of Criminal Appeals pursuant to a post-conviction writ of habeas corpus order); and

5. The State's and the applicant's Proposed Findings of Fact and Conclusions of Law (if any).

THE CLERK is further ORDERED to send a copy of this order to the applicant, Gill Jarone White, #538415 – Bill Clements Unit, 9601 SPUR 591, Amarillo, TX 79107, and to counsel for the State, Baldwin Chin, Assistant District Attorney, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002.

**By the following signature, the Court adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in Cause Number 538931-M.**

Signed on this _____ day of _____ AUG 0 3 2015 _____, 2015.



JUDGE PRESIDING

3

No. 538931-M

| EX PARTE | § | IN THE 179TH DISTRICT COURT |
|---|---|---|
| | § | OF |
| GILL JARONE WHITE,<br>  Applicant | § | HARRIS COUNTY, T E X A S |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that I have served a copy of the "State's Proposed Findings of Fact, Conclusions of Law, and Order" in cause number 538931-M to the applicant on July 29, 2015, by mail as follows:

GILL JARONE WHITE
# 538415 – Bill Clements Unit
9601 SPUR 591
Amarillo, Texas 79107

Baldwin Chin
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-6657
Texas Bar ID #00783823

Prepared By:

Joshua Vincent—Intern

4