# IN THE SUPREME COURT OF TEXAS

No. 14-0692

THE STATE OF TEXAS, PETITIONER,

v.

ONE (1) 2004 LINCOLN NAVIGATOR, VIN # 5LMFU27RX4LJ28242,
RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

JUSTICE WILLETT, concurring.

The Court's opinion and JUSTICE DEVINE's concurrence offer alternative paths for reaching the same destination. I join the Court's opinion because of its comparative jurisdictional and practical advantages.

The jurisdictional advantage of the Court's approach is that it avoids crossing the constitutional line separating our jurisdiction from the Court of Criminal Appeals' jurisdiction. We and our sister high court fulfill substantively distinct roles: "The Court of Criminal Appeals is the court of last resort for criminal matters, . . . while this Court is the court of final review for civil matters[.]"[1] Admittedly, the line between civil and criminal matters is sometimes gauzy, and we

---

[1] *In re Reece*, 341 S.W.3d 360, 371 (Tex. 2011) (citing TEX. CONST. art. V, §§ 3, 5).

have previously wrestled with whether cases, though civil by design, involve matters more substantively criminal than civil and thus outside our bailiwick.[2] Ambiguity often makes this determination a vexing one.

But not in today's case. The Court's opinion addresses the availability of an exclusionary rule, constitutional or statutory, in civil-forfeiture proceedings. I think it clear that we have jurisdiction to decide whether such a rule applies in civil proceedings. Any criminal law matters are only "incidental[]" to that question.[3] By contrast, JUSTICE DEVINE's approach cycles through and relies upon numerous Court of Criminal Appeals decisions to determine whether the search in this case was reasonable under the Fourth Amendment. That approach places "criminal law [at] the focus of [the] action."[4] Indeed, criminal law is not only not incidental to the approach; it *is* the approach. In my view, when we are presented with two paths that diverge in substance—one more civil, the other more criminal—we ought not take the path less traveled by this Court. I therefore join the Court's opinion because it respects the constitutional (if sometimes confounding) divide between us and the Court of Criminal Appeals.

The Court's approach also entails two practical advantages. First, courts need never conduct the inquiry espoused by JUSTICE DEVINE's approach. That is, even if a search is unreasonable, evidence obtained pursuant to that search is admissible in civil-forfeiture proceedings. This is so because no exclusionary rule exists to prevent the admission of that

---

[2] *See, e.g.*, *Heckman v. Williamson Cty.*, 369 S.W.3d 137 (Tex. 2012); *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009).

[3] *See Heckman*, 369 S.W.3d at 149 (quoting *Comm'rs' Court v. Beall*, 81 S.W. 526, 528 (1904)).

[4] *Harrell*, 286 S.W.3d at 318.

evidence. By omitting the reasonableness inquiry, the Court's approach thus streamlines the civil-forfeiture proceeding in a way that JUSTICE DEVINE's approach does not. In addition, the Court's approach resolves an important legal question that JUSTICE DEVINE's approach would punt. If we decided only that the search in this case was reasonable, we would perpetuate uncertainty in the lower courts as to whether an exclusionary rule applies in civil-forfeiture proceedings. The Court's approach resolves that uncertainty instead of postponing resolution for another day. These practical advantages further commend the Court's approach.

On both jurisdiction and practicality, however, I offer two additional caveats. As to jurisdiction, I have long championed a jurisdictional reboot—trading in our entire Rube Goldberg-designed judicial "system" for a revamped structure, including a unified high court.[5] "[T]he sources of Lone Star pride are innumerable," but "the juris-imprudent design of the Texas judiciary does not make the list."[6] As to practicality, I have written before that the modern civil-forfeiture regime—its "prevalence, procedures, and profitability"[7]—implicates solemn fundamental principles and "deserves attentive constitutional reconsideration, if not recalibration."[8]

---

[5] *In re Reece*, 341 S.W.3d at 378 (Willett, J., dissenting).

[6] *Id.*

[7] *El-Ali v. State*, 428 S.W.3d 824, 825 (Tex. 2014) (Willett, J., joined by Lehrmann and Devine, JJ., dissenting to the denial of the petition for review).

[8] *Id.* at 826.

3

That said, until the Legislature (1) initiates the amendment process to modernize our helter-skelter judicial system, and (2) addresses imbalances inherent in our civil-forfeiture regime,[9] we dutifully take existing law as we find it.

For these reasons, I join the Court's opinion.

Don R. Willett
Justice

**OPINION DELIVERED:** June 10, 2016

---

[9] Or perhaps the Court will be presented with a clean constitutional challenge.